UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE JUSTICE AND ANNALEAH JUSTICE, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:22-CV-00050-AGF ) |
| RURAL KING HOLDINGS, LLP AND BESTWAY (USA), INC., | ) ) ) ) |
| Defendants/Third Party Plaintiffs, | ) ) |
| vs. | ) ) |
| MARY FLAKE AND PATRICK FLAKE, | ) ) ) ) |
| Third Party Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant Rural King Holdings, LLP's Motion to Dismiss. (Doc. No. 14). Decedent Ellieanna Marie Justice, the two-year old daughter of Plaintiffs Kyle and Annaleah Justice, drowned in an above-ground pool in her grandparents' backyard. Defendant Bestway sold the pool to Rural King, who in turn sold the pool to Decedent's grandparents. Plaintiffs filed suit against Bestway and Rural King. Rural King argues the claims against it should be dismissed based on Missouri's Innocent Seller statute, Rev. Stat. Mo. § 537.762. For the reasons set forth below, Rural King's motion will be denied.

I.      **Background**

Taken as true for the purpose of this motion, Plaintiffs allege the following facts. Decedent Ellieanna Justice drowned in an above-ground pool owned by her grandparents, third party defendants Mary and Patrick Flake.  Bestway designed and manufactured the pool and sold it to Rural King.  (Am. Compl., Doc. No. 5 at ¶¶ 13, 15).  Rural King constructed the same model of the pool on its premises.  *Id*. at ¶ 17.  Mary and Patrick Flake purchased the pool and installed it at their home.  *Id*. at ¶¶ 18-19.  The pool is 51 inches tall and has a nylon strap around its circumference 14.25 inches above the ground.  *Id*. at ¶¶ 13-14.  It was designed to be accessed via a ladder, which could be removed.  *Id*. at ¶ 20.  Decedent's family removed the ladder, but she nevertheless used the nylon strap as a step to gain access to the pool and drowned.  *Id*. at ¶¶ 22-25.

Plaintiffs allege four claims against Rural King related to Decedent's death: negligence (Count VI), breach of express warranty (Count VII), breach of implied warranty (Count VIII), and strict liability (Count IX).  Rural King argues the claims against it must be dismissed pursuant to Missouri's Innocent Seller statute, Rev. Stat. Mo. § 537.762.  Plaintiffs respond that their claims against Rural King are not barred because Rural King has failed to show Plaintiffs could obtain "total recovery" for their claim from another defendant and the Innocent Seller statute does not apply in cases where independent negligence claims are pleded.

II.     **Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

2

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Magee v. Trs. of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (citation omitted). The "court should construe the complaint liberally in the light most favorable to the plaintiff." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 371 (8th Cir. 2017) (citation omitted). Where the complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### III.   Discussion

This action was brought pursuant to this Court's diversity of citizenship jurisdiction. As such, Missouri law applies to substantive issues. *Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001). Under Missouri law, a plaintiff may bring a products liability claim against a defendant, situated anywhere in the chain of commerce, if the defendant transferred the product, the product was used in a manner reasonably anticipated, and either:

> (a) [t]he product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or
> (b) [t]he product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the

3

plaintiff was damaged as a direct result of the product being sold without an adequate warning.

Mo. Rev. Stat. § 537.760.

However, "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim." Mo. Rev. Stat. § 537.762. Dismissal is only appropriate if "the downstream seller can prove that 'another defendant, including the manufacturer,' is in the lawsuit from whom plaintiff can obtain 'total recovery.'" *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 445 (Mo. banc 2002) (quoting Mo. Rev. Stat. § 537.762).

The portions of the Innocent Seller statute that allow for interlocutory dismissal if the seller can show another defendant is before the court and the plaintiff can obtain total recovery against that defendant are substantive. *See Gramex*, 89 S.W.3d at 445. *See also Wichmann v. Proctor & Gamble Mfg. Co.*, No. 4:06CV1457 HEA, 2006 WL 3626904, at *2 n.3 (E.D. Mo. Dec. 11, 2006) (finding the substantive provisions of § 537.762 are applicable pursuant to the *Erie* doctrine); *Thomas v. Brown & Williamson Tobacco Corp.*, No. 06-0223-CV-W-SOW, 2006 WL 1194873, at *3 (W.D. Mo. Apr. 28, 2006). Accordingly, those portions apply in this matter.

Plaintiffs argue the Innocent Seller statute does not apply because their claims against Rural King are not "based *solely* on [its] status as a seller." Mo. Rev. Stat. § 547.762(1) (emphasis added). Dismissal is not proper unless a defendant can show "that its potential liability is based *entirely* on its status as a seller." *Spears v. Bayer Corp.*, No. 03-1151-CV-W-GAF, 2004 WL 7081940, at *3 (W.D. Mo. Mar. 29, 2004) (emphasis

4

added).  Claims are not barred by the Independent Seller statute where the plaintiff also alleges independent negligence claims.  *See Ali v. Trans Lines, Inc.*, No. 4:21CV214 HEA, 2022 WL 1316357, at *4 (E.D. Mo. May 3, 2022).

In Count VI, Plaintiffs allege a claim for negligent failure to warn against Rural King.  A seller of a product may be held liable for negligent failure to warn if the seller (1) knows or has reason to know that the product is or is likely to be dangerous for its intended use; (2) has no reason to believe the buyer will realize its dangerous condition; and (3) fails to exercise reasonable care to inform them of its dangerous condition.  *Sapp v. Morrison Bros.*, 295 S.W.3d 470, 484 (Mo. Ct. App. 2009); *see also Spuhl v. Shiley, Inc.,* 795 S.W.2d 573, 577–78 (Mo. Ct. App. 1990).  A seller "who neither knows nor has reason to know that a product manufactured by another is defective" is not "liable for injuries caused by his product."  *Welkener v. Kirkwood Drug Store Co.*, 734 S.W.2d 233, 241 (Mo. Ct. App. 1987).  However, a seller is liable if it is aware of a defect but fails to correct it.  *Hutchen v. Wal-Mart Stores E. I, LP*, 555 F. Supp. 2d 1013, 1019 (E.D. Mo. 2008) (finding allegations that store manager knew or should have known contaminated spinach had been found in other stores but failed to remove it from shelves adequately stated a claim for negligent failure to warn).

Plaintiffs allege Rural King knew the pool's design was defective because it constructed the same model of pool in its showroom and was therefore aware that the pool had a nylon strap which could be used by a small child to access the pool.  They claim Rural King failed to warn them of the danger, resulting in Decedent's death.  Rural King argues that the act of displaying its products is inherent to its status as a seller and

5

does not give rise to knowledge of the potentially dangerous use of the strap to access the pool. Whether Rural King had knowledge of the danger is a question of fact not properly decided on a motion to dismiss. Plaintiffs adequately allege that Rural King was aware of a defect in the product and failed to correct it. As such, they have stated a claim against Rural King for negligent failure to warn. Because their claims are not based solely on Rural King's status as a seller, dismissal pursuant to the Innocent Seller statute would not be proper. *See, e.g., McMahon v. Robert Bosch Tool Corp.,* No. 4:18-CV-583 CAS, 2018 WL 3036455, at *3 (E.D. Mo. June 19, 2018) (where plaintiff alleges defendant is independently negligent, dismissal of all claims is improper); *McDonald v. Char-Broil, LLC*, No. 16-CV-6124-FJG, 2016 WL 6871275, at *2 (W.D. Mo. Nov. 21, 2016) (denying motion to dismiss any claims against defendant pursuant to Innocent Seller statute because plaintiff pled independent claim of negligence); *Riffle v. Frontera Produce Ltd.*, No. 13-CV-0791-FJG, 2014 WL 5810201, at *5 (W.D. Mo. Nov. 7, 2014) ("Here, plaintiff has sufficiently pled a claim for negligence, making the Innocent Seller statute inapplicable at this time.").

Plaintiffs further argue their claims against Rural King should not be dismissed because Rural King has not shown that there is another defendant from whom they can obtain total recovery. "Where it is unclear . . . that a total recovery can be had against the parties remaining in suit, it is error to apply the innocent seller statute." *Davis v. Dunham's Athleisure Corp.*, 362 F. Supp. 3d 651, 659 (E.D. Mo. 2019) (citation omitted). The remaining parties' ability to satisfy a verdict must be established through specific evidence. *Thompson v. R.J. Reynolds Tobacco Co.*, No. 4:20-CV-980 MTS,

6

2020 WL 5594072, at *3 (E.D. Mo. Sept. 18, 2020). In its response, Rural King "assures the Court that Bestway, as one of the leading manufacturers of pools and inflatables in the country, is sufficiently insured to compensate Plaintiffs for their claims." (Doc. No. 27 at 2). Although Rural King states that it could present Bestway's insurance policy limit to the Court, it has presented no evidence that Bestway has the ability to satisfy a verdict. However, because the Court concludes that dismissal is not proper as the claims against Rural King are not based solely on its status as a seller, it need not determine whether Bestway could satisfy a verdict.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Rural King's Motion to Dismiss is **DENIED**. (Doc. No. 14).

                                                */s/ Audrey G. Fleissig*
                                            AUDREY G. FLEISSIG
                                            UNITED STATES DISTRICT JUDGE

Dated this 22nd day of July, 2022.