UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE JUSTICE and ANNALEAH JUSTICE )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BESTWAY (USA), INC. and )<br>RURAL KING HOLDINGS, LLP )<br>)<br>Defendants )<br>and )<br>BESTWAY (USA), INC., )<br>)<br>Third-Party Plaintiff )<br>)<br>v. )<br>)<br>MARY FLAKE and PATRICK FLAKE )<br>)<br>Third-Party Defendants. ) | Case No. 4:22-cv-00050-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Discovery and Continuation of 30(b)(6) Deposition. ECF No. 84. Plaintiffs filed the motion on November 6, 2023. In their accompanying Memorandum of Law in Support, Plaintiffs state that on October 9, 2023, Plaintiffs' counsel "sent two emails to counsel for Rural King asking for dates to continue the deposition and asking whether Rural King was going to re-produce the documents with Bates stamps affixed to them." ECF No. 85 at 4. Plaintiffs further state that Rural King's counsel responded via email on October 11,

2023, and Plaintiffs' counsel replied to further clarify Plaintiffs' request. Plaintiffs then state that on October 19, 2023, Plaintiffs' counsel again emailed Rural King's counsel "requesting dates of availability for the deposition continuation and asking whether the documents would be re-produced with Bates stamps affixed to them." *Id.* at 4–5. Plaintiffs' counsel states that he received no response, and again emailed Rural King on October 24, 2023, asking for the same information. Plaintiffs state that Rural King responded that same day but said response did not resolve the dispute.

Local Rule 3.04(A) states that the Court will not consider any motion related to discovery and disclosure unless the motion contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. Per the Local Rule, the statement must recite the date, time, and manner of such in-person or telephone conference and the names of the individuals participating therein or must state with specificity the efforts made to confer with opposing counsel.

Plaintiffs' description of email contact with Rural King's counsel does not reflect good faith or reasonable efforts to confer in person or by telephone with opposing counsel to resolve this dispute. On this basis, the Court will deny Plaintiff's motion without prejudice. The Court will order the parties to meet and confer in good faith to resolve their dispute before engaging in further motion practice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **DENIED without prejudice**. ECF No. 84.

**IT IS FURTHER ORDERED** that the parties shall promptly meet and confer in good faith to resolve any outstanding issues related to resuming the deposition of Rural King Holdings, LLC's 30(b)(6) witness.

Dated this 8th day of November, 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE