UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE JUSTICE and ANNALEAH JUSTICE,<br><br>  Plaintiffs,<br><br>  v.<br><br>BESTWAY (USA), INC. and RURAL KING HOLDINGS, LLP,<br><br>  Defendants<br><br>and<br><br>BESTWAY (USA), INC.,<br><br>  Third-Party Plaintiff<br><br>  v.<br><br>MARY FLAKE and PATRICK FLAKE,<br><br>  Third-Party Defendants. | Case No. 4:22-cv-00050-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Discovery and Continuation of 30(b)(6) Deposition. ECF No. 91. Plaintiffs filed the Motion on November 29, 2023. Defendant Rural King Holdings, LLP, timely filed its Response. ECF No. 93. Plaintiffs did not file a Reply, and the time to do so has passed. This matter is now fully briefed and ripe for disposition. For the reasons set forth below, the Court will deny Plaintiffs' Motion.

## Background

According to Plaintiffs, they served initial interrogatories and requests for production on Rural King on December 1, 2022.  On February 3, 2023, Rural King served its objections, answers, and responses.  ECF Nos. 92-2 and 92-3.  On July 11, 2023, Plaintiffs served their second requests for production on Rural King, and on August 25, 2023, Rural King served its objections and responses.  ECF No. 92-4.  On September 20, 2023, Plaintiffs served a Second Amended Notice of Deposition on Rural King which requested that Rural King produce a corporate representative for deposition per Federal Rule of Civil Procedure 30(b)(6).  ECF No. 93-1.  The deposition notice requested that Rural King's representative sit for an in-person deposition on October 5, 2023.  The deposition notice also directed Rural King's corporate representative to produce documents responsive to items contained in an attached list.

On October 5, 2023, at approximately 10:00 a.m., the Parties convened for the deposition.  Rural King produced Gilbert Metzger as its corporate witness and also produced a set of paper documents that it believed were responsive to the document requests attached to the notice of deposition.  Rural King's counsel also emailed a Rural King Employee Handbook to Plaintiff's counsel as part of this production.  ECF No. 92-5.  In total, Rural King produced approximately 200 pages of documents at the deposition.  Counsel for Plaintiffs then paused the deposition to take about twenty-four (24) minutes to review the produced materials before he then expressed his desire to continue.  ECF No. 92-1 at 16:3–17:6.  Plaintiffs' counsel also reserved his right to take another deposition of Rural King.  *Id.* at 18:1–2.  The deposition concluded at

2

approximately 3:02 p.m.

On October 9, 2023, Counsel for Plaintiffs emailed counsel for the other parties that attended the deposition and requested dates of availability to "finish up" the deposition.  ECF No. 92-6 at 2.  According to Plaintiffs, Rural King's counsel has not agreed to continue the deposition.

On November 6, 2023, Plaintiffs filed a Motion to Compel requesting that the Court order Rural King to produce Mr. Metzger again to continue the deposition based on Rural King's allegedly improper and late production of documents.  ECF No. 84.  The Court denied Plaintiff's motion without prejudice for failure to conform to Local Rule 3.04(A) and ordered the parties to promptly meet and confer in good faith to resolve any outstanding issues.

On November 29, 2023, Plaintiffs filed the instant Motion, which again requests the Court order the continuation of the deposition of Rural King's 30(b)(6) witness. Plaintiffs now state that they conferred with Rural King via telephone on November 22, 2023, but were unable to reach an accord.

Plaintiffs' primary argument is that Rural King allegedly improperly concealed documents prior to the October 5 deposition and that such concealment was prejudicial to Plaintiffs' ability to depose Rural King.  Plaintiffs claim that several documents produced for the first time at the deposition were responsive to previous interrogatories or requests for production and therefore should have been produced well in advance of the Rule 30(b)(6) deposition.  Plaintiffs also claim that they were unable to question Rural King about the documents produced on October 5 such that a continuation of the

3

deposition is necessary. The only legal authority Plaintiffs cite in support of their position is Federal Rule of Civil Procedure 37(a)(1), which permits a party in federal court to move for an order compelling discovery or disclosure. Plaintiffs also seek expenses related to continuation of the deposition and the making of their Motion under Federal Rule of Civil Procedure 37(a)(5)(A) and an extension of the disclosure date for their expert witness reports. *See* ECF No. 92. Plaintiff has not provided the documents produced on October 5, 2023, for the Court's review.

Rural King argues that it believed that by producing the documents at the 30(b)(6) deposition it was properly responding to Plaintiffs' documents request attached to the notice of deposition. Rural King also argues that it does not believe that the documents it produced for the first time On October 5 were responsive to Plaintiffs' previous written discovery requests. Rural King further argues that, according to *Couch v. Wan*, No. CV F 08-1621 LJO DLB, 2012 WL 4433470, at *3 (E.D. Cal. Sept. 24, 2012), courts generally disfavor the retendering of witnesses for deposition.

## Discussion

Per Federal Rule of Civil Procedure 30(a)(2)(A)(ii), the party seeking to depose a deponent who has already been deposed in the case must obtain leave of court and "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Regarding the scope of

4

discovery, Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit.

The Advisory Committee Notes to the 2000 Amendments to Rule 30(d) state that "[t]he party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."  As the moving party, Plaintiffs have the burden to show good cause to justify an order to reopen the 30(b)(6) deposition of Rural King.

The Court finds that Plaintiffs have not established good cause to reopen Mr. Metzger's deposition.  Plaintiffs argue that some documents were responsive to their previous interrogatories and requests for production.  But Plaintiffs have not made a sufficient showing that the documents produced at the deposition were covered by previous discovery responses or were wrongfully withheld by Rural King.  In its Response, Rural King refuted Plaintiffs' contention with respect to the documents specifically identified, and Plaintiffs did not file any reply.  And even if the documents were responsive, that alone is not sufficient cause to reopen the deposition.  Plaintiffs' counsel paused the deposition to review the documents yet decided to proceed.  ECF No. 92-1 at 16:4-18:5.  Plaintiffs' counsel even marked several of the documents as exhibits, including the "Rural King Distribution Import Vendor Agreement," the "Recall Policy," the "Post-Incident Safety Review Form," and the "Customer Incident Report."  *Id.* at

5

18:6-24. Plaintiffs' counsel then asked questions regarding some of those documents. *See id.* at 132:23–134:9 (regarding the "Recall Policy"); *id.* at 138:13–140:6 (testimony regarding the "Post-Incident Safety Review Form"); *id.* at 136:5–138:12 (testimony regarding the "Customer Incident Report"); *id.* at 190:6–192:13, 202:3–205:2 (testimony regarding other documents produced at beginning of deposition). The deposition began at approximately 10:00 a.m. on October 5 and concluded at approximately 3:02 p.m. and several breaks were taken throughout the day. Plaintiffs' counsel had ample time to review the produced materials during breaks and could have asked for an additional break to review the documents further before concluding his questioning. His failure to do so does not provide good cause for the Court to reopen the deposition.

More importantly, Plaintiffs have not indicated with any particularity a set of topics or questions that they were unable to cover during the deposition that they now contend require the reopening of the deposition. Plaintiffs say they were prejudiced because they were unable to question Rural King about documents related to agreements and communications between Rural King and the manufacturer of the product at issue in this case. Again, the record indicates that Plaintiffs had an opportunity to review the documents and proceeded with the deposition after this review. Good cause does not exist to reopen the 30(b)(6) deposition of Rural King, and the Court will deny Plaintiffs' motion. The Court will similarly deny Plaintiffs' request for attorneys' fees associated with making this Motion and Plaintiffs' request to extend the disclosure of its expert witness reports.

6

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel is **DENIED**. ECF No. 91.

Dated this 9th day of January, 2024.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　AUDREY G. FLEISSIG
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE