UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE JUSTICE and ANNALEAH JUSTICE, </br></br> Plaintiffs, </br></br> v. </br></br> BESTWAY (USA), INC., and RURAL KING HOLDINGS, LLP, </br></br> Defendants, </br></br> and </br></br> BESTWAY (USA), INC., </br></br> Third-Party Plaintiff, </br></br> v. </br></br> MARY FLAKE and PATRICK FLAKE, </br></br> Third-Party Defendants, </br></br> and </br></br> RURAL KING HOLDINGS, LLP, </br></br> Cross Claimant, </br></br> v. </br></br> MARY FLAKE and PATRICK FLAKE, </br></br> Cross Defendants, </br></br> and | No. 4:22-cv-00050-AGF |

| | |
|---|---|
| RURAL KING HOLDINGS, LLP, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BESTWAY (HONG KONG) | ) |
| INTERNATIONAL LIMITED and | ) |
| BESTWAY INFLATABLES & | ) |
| MATERIALS CORPORATION, | ) |
| | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Kyle and Annaleah Justice's Motion to Compel Defendant Bestway (USA), Inc. to produce materials related to a study conducted by its expert on a swimming pool with a design similar to the swimming pool at issue in this litigation. ECF No. 111. Bestway (USA) filed a response, primarily objecting based on relevance and the failure to serve a formal request for production (ECF No. 124), and Plaintiffs filed a reply (ECF No. 125). This matter is now fully briefed and ripe for disposition. For the reasons set forth below, the Court will grant Plaintiffs' Motion.

### Background

On January 18, 2022, Plaintiff brought this action against Defendants Rural King Holdings, LLP, and Bestway (USA).[1] ECF No. 5. Plaintiffs raise a total of nine claims against these Defendants under Missouri's Wrongful Death statute, Mo. Rev. Stat.

---

[1] Plaintiffs first filed this case on January 13, 2022, naming "Safeway (USA), Inc." as a Defendant. Shortly thereafter, Plaintiffs filed an Amended Complaint that replaced Safeway (USA) with Defendant Bestway (USA).

2

§ 537.080. Plaintiffs' claims stem from the drowning death of their minor daughter, E.M.J., in an above-ground pool allegedly "designed, manufactured, marketed, and sold by Defendant" Bestway (USA). ECF No. 5. E.M.J. was approximately two and half years old at the time of her death. Plaintiffs allege that E.M.J. accessed the pool by using a nylon band surrounding the outside of the subject pool as a foothold to scale the pool's exterior wall, which Plaintiffs allege created an unsafe condition.

As part of its defense, Bestway (USA) has retained an expert in human factor issues, Dr. Joseph Sala. Dr. Sala produced an expert report in this case. ECF No. 112-1. In this report, Dr. Sala opines, in relevant part, that "[g]iven the published literature on the climbing abilities of two-year old children, it would not be expected that a child such as [E.M.J.] would have been able to scale the pool through use of a nylon band approximately 37 inches below the top of a pool . . . ." *Id.* at 23.

During Dr. Sala's deposition on March 22, 2024, he testified that he had previously been hired as an expert by another pool manufacturer in another case. As part of his role in that case, Dr. Sala conducted a study on the ability of children between the ages of two and four to access an above-ground pool through use of a ladder equipped with various child protection devices. Specifically, the children were "given an opportunity to . . . attempt to either climb and/or open and/or defeat . . . different ladders with alleged child protective or child resistant features on them." ECF No. 112-2 at 41:3–5. Dr. Sala affirmed that the pool used in that test had a nylon strap that ran around the exterior circumference of the pool, like the pool at issue in this case. Dr. Sala testified that his research did not specifically look at whether the children used the nylon

3

strap to gain access to the pool. He further testified that he could not recall whether any children in the study used the band to assist them in gaining access to the pool. Though he provided a written report in that case, he did not provide testimony.

During Dr. Sala's March 22 deposition and immediately following Dr. Sala's testimony about his research in the previous case, Plaintiffs' attorney orally requested a copy of Dr. Sala's report from the previous case and any photos or video taken during the research. Bestway (USA)'s counsel responded that Plaintiffs could send their requests after the deposition and that they would be addressed at that time. Four days after the deposition, on March 26, 2024, Plaintiffs' attorney emailed Bestway (USA)'s counsel to request Dr. Sala's written report and any photographs and videos taken during the testing. Bestway (USA) objected to the production because the materials were not relevant, were not relied upon by the expert informing his opinions in this case, and because of potential confidentiality and work product concerns. On May 24, 2024, Plaintiffs' counsel and counsel for Bestway (USA) conducted an unsuccessful meet and confer via phone to attempt resolve their dispute.

Also on May 24, 2024, Plaintiffs filed the instant motion. Plaintiffs argue that Dr. Sala's previous research and report should be disclosed under Fed. R. Civ. P. 26(a)(2)(B) because Dr. Sala likely considered the facts and data contained within that report in forming his expert opinions in this case. Plaintiffs contend that "facts and data considered" under the rule should be construed broadly to include materials reviewed by experts, even if the expert does not rely on such materials in forming his conclusions. Plaintiffs further argue that the results of that research and Dr. Sala's report concerning

4

that research are directly relevant to their claim here because the subject of the study was whether children of approximately the same age as E.M.J. could access a pool with a similar design to the pool at issue in this case.

Bestway (USA) argues that disclosure of the report and the other requested materials is neither required nor necessary.  Bestway (USA) has submitted an affidavit from Dr. Sala in which he asserts that he did not rely on or consider the study to inform his opinions in this case.  Bestway (USA) also challenge the relevance of Dr. Sala's previous research to this case, emphasizing that the previous research focused not on whether children could access the pool via the exterior nylon strap, but instead focused on whether the children were able to defeat ladders with various child resistant features.  According to Bestway (USA), because Plaintiffs do not allege that E.M.J. used a ladder to access the pool, Dr. Sala's previous study will be unhelpful in resolving the issues in this case.

Bestway (USA) further contends that, regardless of the relevance of Dr. Sala's previous study and report, a party is not entitled to an expert's reports from previous, unrelated cases.  Bestway (USA) further asserts that Plaintiffs have failed to request the materials via a "formal" discovery request and therefore Bestway (USA) is under no obligation to disclose them.  Finally, Bestway (USA) also argues—without more—that production "implicates potential confidentiality and work product privileges."  ECF No. 124 at 5.

In their reply, Plaintiffs dispute that a "formal" discovery request is required. Rather, Plaintiffs rely on the text of Fed. R. Civ. P. 34 for the contention that all that is

5

required of a discovery request under the rule is that the request "must describe with reasonable particularity each item or category of items to be inspected . . . [and] must specify a reasonable time, place, and manner for the inspection and for performing the related acts." Plaintiffs argue that their counsel's March 26 email sufficiently described with reasonable particularity the materials being sought here. While Plaintiffs admit that they did not specify a time, place, and manner for producing the requested materials, they instead argue and cite cases finding that the Court should "imply a requirement that the documents be produced in a reasonable manner and in a reasonable amount of time." ECF No. 125 at 4. Plaintiffs also point out that any privacy concerns Bestway (USA) has expressed can be assuaged by Bestway (USA) marking the materials as confidential under an agreed upon protective order.

Discovery in this case closed on May 24, 2024, the day Plaintiffs filed their motion. ECF No. 84.

## Discussion

Federal Rule of Civil Procedure 26(b)(1) provides that "Parties may obtain discovery regarding any nonprivileged matter this is relevant to any party's claim or defense and proportional to the needs of the case . . . ." As to written reports of the parties' experts, under Federal Rule Civil Procedure 26(a)(2)(B)(ii), such reports expressing the expert's opinions "must contain . . . the facts or data considered by the witness in forming them." And while "Rule 26 . . . does not . . . require production of an expert's report from other cases," *Hiser v. XTO Energy, Inc.*, No. 4:11-cv-517 KGB, 2012 WL 3528095, at *1 (E.D. Ark. Aug. 14, 2012), this is not the end of the inquiry.

6

>The Committee Notes on the Rule's 2010 amendments state, in relevant part, that:
>
>[T]he intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert.

*See also Johnson v. Mead Johnson & Co., LLC*, Civil No. 11-225, 2012 WL 12894473, at *8 (D. Minn. May 21, 2012). Additionally, under Rule 26(e)(2) "the party's duty to supplement [an expert's written report] extends both to information included in the report and to information given during the expert's deposition."

Dr. Sala attests that, in forming his opinions in this case, he has neither considered nor relied upon the previous research Plaintiffs request. ECF No. 124-1 at ¶ 8. Even so, simply because an expert says he did not "consider" materials does not mean that such materials are not discoverable. *See Monsanto Co. v. Aventis Cropscience, N.V.*, 214 F.R.D. 545, 547 (E.D. Mo. 2002) (finding that an expert's testimony that he did not consider the materials requested is not dispositive and further emphasizing that "the courts should order disclosure when there is at least an ambiguity as to whether the materials informed the expert's opinion.").

Though Dr. Sala's previous research did not directly pertain to whether the child participants could access that pool via its exterior nylon strap, it nevertheless could show that children of the same age as E.M.J. attempted to use the strap to gain access to the pool. During his deposition, Dr. Sala could not say whether any study participants made such an attempt. Plaintiffs are entitled to inspect the materials for themselves to ensure that Dr. Sala's conclusions in this case align with his previous research and to probe any

7

ambiguity regarding the impact of the study on his opinions in this case. Such materials are relevant to Plaintiffs' claims and are proportional to the needs of this case, and Bestway (USA) has not identified any real prejudice. The Court will grant Plaintiffs' motion and will instruct Bestway (USA) to disclose Dr. Sala's previous expert report and any photos and videos of two and three year old participants taken during the study.

To the extent Bestway (USA) opposes production because Plaintiffs' request was not a "formal" discovery request, the Court finds Bestway (USA)'s argument unconvincing.[2] The parties dispute whether Dr. Sala was required to produce these materials as part of the facts and data he considered for his expert report under Fed. R. Civ. P. 26(a)(2)(B)(ii). But the Rules require Bestway (USA) to supplement its expert's report with the materials the expert discussed during his deposition. Fed. R. Civ. P. 26(e)(2). Plaintiffs requested the materials immediately after discovering their existence during Dr. Sala's deposition on March 22, 2024, well before the close of discovery on May 24, 2024. Under Rule 26(e)(2), the duty to supplement rests with Bestway (USA), and Plaintiffs were not required to issue a formal request or specify a time, place, and manner for production.

Even if the materials do not fall within Rule 26(e)(2), here Bestway (USA) invited Plaintiffs' counsel to send their request after the deposition and said it would respond.

---

[2] The Court is also not persuaded by Plaintiffs' argument that Rule 34 does not require a formal production request, so long as the item requested is clearly identified. Rule 34 states that a party "may *serve* on any other party a request" within the scope of Rule 26(b). Fed. R. Civ. P. 34(a) (emphasis added). Rule 5 governs service and does not contemplate service by email absent express, written consent. Fed. R. Civ. P. 5(b)(2).

8

And Plaintiffs' counsel did so by email.  When Bestway (USA) responded, it did not contend that Plaintiffs should send a formal request for production, which Plaintiffs could have done within the discovery period.  Instead, Bestway (USA) objected on grounds of relevance and possible privilege.  Thus, Bestway (USA) should not be permitted now, after the close of discovery, to assert for the first time that a formal discovery request is required.  *Hiser v. XTO Energy Inc.*, cited by Bestway (USA), is distinguishable.  There, although the existence of other reports was mentioned at the deposition, the court in denying the motion to compel noted that the moving party did not request the production during the deposition, the deposition itself was taken after the close of discovery, and the request was not made until after the close of discovery.  *Hiser*, 2012 WL 3528095, at *2.

      To the extent that Bestway (USA) is concerned about confidentiality and/or work product issues, those can be addressed by an appropriate protective order or by completing an appropriate privilege log per Federal Rule of Civil Procedure 26(b)(5). Plaintiffs and Bestway (USA) shall confer to ensure that the production does not violate the privacy interests of the any of the study participants.

      The Court takes no position on the potential admissibility of these materials. Whether the materials are relevant for the purposes of admissibility or could prejudice Bestway (USA) is not now before the Court.  Bestway (USA) is free to challenge the admissibility of such materials at the appropriate time.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Kyle and Annaleah Justice's Motion to Compel is **GRANTED**. ECF No. 111.

**IT IS FURTHER ORDERED** that Defendant Bestway (USA), Inc. shall produce the requested materials within **ten (10) days** of the entry of this Order.

Dated this 18th day of July, 2024.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE