UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE JUSTICE and ANNALEAH JUSTICE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:22-cv-00050-AGF |
| BESTWAY (USA), INC., and RURAL KING HOLDINGS, LLP, | ) ) ) | |
| Defendants, | ) ) ) | |
| and | ) ) | |
| BESTWAY (USA), INC., | ) ) | |
| Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| MARY FLAKE and PATRICK FLAKE, | ) ) ) | |
| Third-Party Defendants, | ) ) ) | |
| and | ) ) | |
| RURAL KING HOLDINGS, LLP, | ) ) | |
| Cross Claimant, | ) ) ) | |
| v. | ) ) ) | |
| MARY FLAKE and PATRICK FLAKE, | ) ) ) | |
| Cross Defendants, | ) ) ) | |
| and | ) ) | |

| | |
|---|---|
| RURAL KING HOLDINGS, LLP, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BESTWAY (HONG KONG) | ) |
| INTERNATIONAL LIMITED and | ) |
| BESTWAY INFLATABLES & | ) |
| MATERIALS CORPORATION, | ) |
| | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs Kyle Justice and Annaleah Justice bring this wrongful death action against Bestway (USA), Inc. and Rural King Holdings, LLP after their two-year old child drowned in an above-ground pool purchased by the child's grandparents from Rural King. This matter is before the Court on Defendant Rural King Holdings, LLP's Motion for Summary Judgment. ECF No. 96. Plaintiff filed a Response (ECF No. 106) as well as a Response to Rural King's Statement of Uncontroverted Material Facts (ECF No. 107). Rural King filed a Reply. ECF No. 108. This matter is now fully briefed and ripe for disposition. For the reasons set forth below, the Court will grant in part and deny in part Rural King's Motion.

### Background

**The Complaint**

On January 18, 2022, Plaintiff brought this action against Defendants Rural King

and Bestway (USA), Inc.[1]  ECF No. 5.  Plaintiffs raise a total of nine claims against these Defendants under Missouri's Wrongful Death statute, Mo. Rev. Stat. § 537.080, related to the drowning death of their minor daughter, E.M.J.  Four of those counts are against Rural King: Count VI – Negligent Failure to Warn; Count VII – Breach of Express Warranty; Count VIII – Breach of Implied Warranty; and Count IX – Strict Liability.

On March 10, 2022, Defendant Bestway (USA) filed a Third-Party Complaint in which it raises claims against E.M.J.'s grandparents, Third-Party Defendants Mary and Patrick Flake, for premises liability and negligence.  ECF No. 10.  On August 4, 2022, Rural King filed crossclaims, which also allege premises liability and negligence against Mary and Patrick Flake.  ECF No. 32.

On August 25, 2023, with the Court's permission, Rural King filed a Third-Party Complaint against Third-Party Defendants Bestway (Hong Kong) International Limited and Bestway Inflatables & Materials Corporation ("Bestway I&M").  ECF No. 76.  Rural King raises four claims against these Third-Party Defendants: Count I – Negligent Design and Failure to Warn against Bestway (Hong Kong); Count II – Negligent Design and Failure to Warn against Bestway I&M; Count III – Strict Liability against Bestway (Hong Kong); and Count IV – Strict Liability against Bestway I&M.  Rural King alleges that Bestway I&M was the pool's designer and manufacturer and Bestway (Hong Kong) sold the pool to Rural King and thus are ultimately responsible to Plaintiffs for any

---

[1]    Plaintiffs first filed this case on January 13, 2022, naming "Safeway (USA), Inc." as a Defendant.  Shortly thereafter, Plaintiffs filed an Amended Complaint that replaced Safeway (USA) with Defendant Bestway (USA).

product liability claims for the pool's allegedly defective design and/or insufficient warnings.

**Relevant Uncontroverted Material Facts**

On July 7, 2019, Third-Party Defendant Mary Flake purchased an above-ground pool from the Rural King store in Wentzville, Missouri.  Mrs. Flake did not speak to any Rural King employees about the pool before she purchased it.  Her sole considerations when purchasing the pool were its size and price.

The pool was a Bestway Power Steel 22' x 52" pool designed and manufactured by Third-Party Defendant Bestway I&M.  Third-Party Defendant Bestway (Hong Kong) sold the pool to Rural King.  Defendant Bestway (USA) provides customer service, marketing, and product development support in the United States to the Hong Kong based Third-Party Defendants, Bestway I&M and Bestway (Hong Kong).

The cylindrical pool has a diameter of 22 feet and a height of 52 inches.  When constructed, a nylon strap runs along the entirety of the pool's exterior wall at approximately 14.25 inches off the ground.  Included with the pool is a ladder, which is designed to be removed when the pool is not in use.

Rural King advertised the pool via print media.  Rural King's print advertisements do not contain any express warranties or representations beyond the pool's size and price. Rural King did not manufacture, design, alter, modify, repair, maintain, or assemble the pool.  Rural King also did not create, design, alter, or modify the pool's packaging, warnings, or assembly instructions.

On August 3, 2019, while visiting her grandparents Mary and Patrick Flake in

4

Warren County, Missouri, two-year old E.M.J.—daughter of Plaintiffs Kyle and Annaleah Justice—drowned in the pool.  The removable ladder was not attached to the pool at the time of E.M.J.'s death and sat several feet away.  Plaintiffs allege that E.M.J. gained access to the pool by standing on the nylon strap and then pulling herself over the pool's edge by using the strap as a foothold.

Prior to E.M.J.'s death, Rural King never received any complaints, claims, incident reports, warranty claims, notices of lawsuits, or other communications from anyone related to the allegedly dangerous condition of the pool's strap.  Plaintiffs' retained expert, Joseph Mohorovic, testified that he is not aware of any evidence that Rural King had actual knowledge that the pool was unreasonably dangerous or defective. At the time of E.M.J.'s death, saferproducts.gov[2] had no reports of injuries related to the pool or its strap.  Reports submitted to saferproducts.gov are not investigated or verified by the Consumer Product Safety Commission ("CPSC").  Mr. Mohorovic testified that it is strongly recommended that Rural King monitor saferproducts.gov for reports regarding products it sells or products with designs similar to those it sells.

Before Mary Flake purchased the pool, similar pools had been tested by independent testing companies Bureau Veritas, a nationally and internationally accredited product testing institution, and Intertek.  Bureau Veritas and Intertek both found that the tested pools complied with the Aboveground/Onground Residential Swimming Pool

---

[2]      Saferproducts.gov is a website operated by the United States Consumer Product Safety Commission.  "Saferproducts.gov is where the public can file and read complaints about thousands of types of consumer products."  https://perma.cc/2CLZ-NK7N.

Standards (ANZI/APSP/ICC-4) and the Virginia Graeme Baker Pool and Spa Safety Act Regulations (16 C.F.R. § 1450.3 (2011)). The pool's Owner's Manual includes the following statement: "THIS PRODUCT IS COMPLIANT TO ANSI/ APSP 4 AMERICAN NATIONAL STANDARD FOR ABOVEGROUND POOLS / ONGROUND RESIDENT SWIMMING POOLS & INTERNATIONAL SWIMMING POOL & SPA CODE (ISPSC)." ECF No. 107-5 at 5. CPSC has not promulgated any rules specifically addressing above ground pools like the one at issue in this case. Mr. Mohorovic is not in the possession of any communications between CPSC and Rural King.

Bestway (USA), Bestway I&M, and Bestway (Hong Kong) are named insureds on an insurance policy issued by the Cincinnati Specialty Underwriters Insurance Company to Bestway (USA) for an aggregate limit of $2 million of products/completed operation liability. ECF No. 101-3 at 2–4. Bestway (USA) is also a named insured on another insurance policy issued by the Cincinnati Specialty Underwriters Insurance Company to Bestway (USA) for an aggregate limit of $5 million of commercial excess liability coverage. *Id.* at 5–8. Bestway (Hong Kong) and Bestway I&M are solvent businesses. If this case goes to trial, Plaintiffs' attorney intends to ask the jury to award Plaintiffs significantly more than $7 million in compensatory damages and to award additional punitive damages for alleged aggravating circumstances.

**The Parties' Arguments**

On February 16, 2024, Rural King filed its Motion for Summary Judgment. ECF No. 96. Rural King argues that Plaintiffs' claims against Rural King should be dismissed

6

under Missouri's "innocent seller" statute, Mo. Rev. Stat. § 537.762.[3]  According to

Rural King, because Bestway I&M—the pool's designer and manufacturer—is now a

party to the case, Rural King should be dismissed.  Rural King avers that Plaintiffs can

obtain total recovery from the pool's manufacturer, and therefore Plaintiffs' claims

sounding in strict liability against Rural King are subject to dismissal under the innocent

seller statute.  Rural King further supports its position by arguing that Plaintiffs have

been unable to establish their negligent failure to warn claim against Rural King because

there is insufficient evidence to show that Rural King had actual knowledge of the

alleged defective nature of the pool.  Rural King contends that Plaintiffs' negligence

claim therefore fails and the remaining strict liability claims should be dismissed under

Mo. Rev. Stat. § 537.762.

Rural King also argues that Plaintiffs' claims for breach of express warranty and

breach of implied warranty of merchantability independently fail.  Rural King contends

that it is entitled to summary judgment on Plaintiffs' breach of express warranty claim

because Plaintiffs have not established that Rural King made any express warranties to

Plaintiffs about the pool or that Plaintiffs relied on any express warranties when

purchasing the pool.  As to Plaintiffs' implied warranty claim, Rural King asserts it is

entitled to summary judgment in its favor because either Plaintiffs' implied warranty

---

[3]     The Court previously denied Rural King's Motion to Dismiss under Mo. Rev. Stat.
§ 537.762, finding that Plaintiffs had adequately alleged a claim of negligent failure to
warn against Rural King, and therefore Plaintiffs' claims were not based solely on Rural
King's status as a seller.  The Court also found that Rural King had not presented
sufficient evidence that Plaintiffs could obtain total recovery from the only other named
Defendant, Bestway (USA).  ECF No. 30.

claim is a strict liability claim subject to dismissal under the Missouri innocent seller statute or the pool was fit for its intended purpose.

In their Response, Plaintiffs argue that the facts are sufficient to establish Rural King's negligence because Rural King knew or had reason to know that the pool's nylon strap rendered the pool unreasonably dangerous.  Plaintiffs also contend that Rural King should not be dismissed under Mo. Rev. Stat. § 537.762 because (1) Rural King has not shown that the only other Defendant in this action, Bestway (USA), manufactured the subject pool, and (2) Rural King has failed to establish that Plaintiffs can receive total recovery from Bestway (USA).  According to Plaintiffs, the presence of a third-party defendant in this case does not qualify as "another defendant . . . properly before the court. . . ." under Mo. Rev. Stat. § 537.762.2.  Per Plaintiffs, despite Bestway I&M and Bestway (Hong Kong) being added as parties in this action, their status as Third-Party Defendants means that § 537.762 does not apply.  Plaintiffs further argue that, even if a third-party defendant does qualify as a defendant under § 537.762, the evidence does not establish that Plaintiff can obtain total recovery from the Bestway parties.

As to Plaintiffs' warranty claims, Plaintiffs assert that the pool's Owner's Manual provides an express warranty that the pool is certified under several American and international safety standards.  Plaintiffs do not explain why this warranty should be attributed to Rural King—who did not author the statements contained in the Owner's Manual—nor do Plaintiffs explain how these express warranties were violated.  Plaintiffs do not address Rural King's arguments for why the Court should grant summary judgment for Rural King on Plaintiffs' implied warranty claim.

8

Rural King's Reply echoes many of its arguments from its Motion, though it emphasizes Plaintiffs' alleged failure to carry their burden to come forth with evidence showing that the claims against Rural King should survive summary judgment. According to Rural King, its mere knowledge of the existence of the nylon strap on the pool is insufficient to show that Rural King had actual or constructive knowledge that the strap renders the pool unreasonably dangerous, thus entitling it to summary judgment on Plaintiffs' negligent failure to warn claim. Rural King also argues that a third-party defendant should be considered a defendant for the purposes of Mo. Rev. Stat. § 537.762.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden of demonstrating there are no genuine issues of material fact rests on the moving party, and [the Court] review[s] the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party." *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015) (citation omitted). To withstand a motion for summary judgment, the nonmovant has the "burden of presenting evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in their favor." *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). The nonmovant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Torgerson v. City of Rochester*, 643 F.3d

9

1031, 1042 (8th Cir. 2011) (internal quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). "The movant is entitled to judgment as a matter of law 'when the plaintiff has failed to make a sufficient showing of the existence of an essential element of her case.'" *Whitworth v. Kling*, 90 F.4th 1215, 1218 (8th Cir. 2024) (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996)).

## Discussion

Rural King argues that Plaintiffs' claims against it should be dismissed under Missouri's innocent seller statute, Mo. Rev. Stat. § 537.762. Plaintiffs have only raised one claim against Rural King to which the innocent seller statute applies: Count IX – Strict Liability Failure to Warn. The Court will first address whether Rural King is entitled to summary judgment as to Plaintiffs' strict liability failure to warn claim and then will discuss whether Rural King is entitled to summary judgment as to Plaintiffs' other claims.

## Strict Liability Failure to Warn

Because this case is before this Court pursuant to the Court's diversity jurisdiction, Missouri law governs the substantive issues. *See Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001). Under Mo. Rev. Stat. § 573.762.1, "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim" under certain circumstances. First, the

defendant must show that another defendant, including the manufacturer, is properly before the court.  Second, the defendant must show that plaintiff can obtain total recovery from another defendant properly before the court.  *Id.* at § 573.762.2; *see also Malone v. Schapun, Inc.*, 965 S.W.2d 177, 182 (Mo. Ct. App. 1997) ("An innocent seller under section 537.762 should not be dismissed unless the injured party is ensured that another defendant, who is not an innocent seller, is properly before the court and can satisfy the injured party's claim.").  The substantive portions of Missouri's innocent seller statute are those that allow for interlocutory dismissal if the seller can show another defendant is before the court and the plaintiff can obtain total recovery against that defendant. *Gramex v. Green Supply, Inc.*, 89 S.W.3d 432, 445 (Mo. 2002) (en banc); *Barton v. Proctor & Gamble Co.*, No. 1:22-CV-51 JAR, 2023 WL 2682261, at *4 n.2 (E.D. Mo. Mar. 28, 2023) ("Federal district courts must apply the substantive portions of the [innocent seller] statute in cases in which they exercise diversity jurisdiction; the substantive portions are those requiring the court to dismiss defendants which qualify as 'innocent sellers' under the statute.") (citations omitted).

"By its terms, Section 537.762 applies only to claims based, at least in part, in strict liability."  *Davis v. Dunham's Athleisure Corp.*, 362 F. Supp. 3d 651, 658 (E.D. Mo. 2019); *see also Malone*, 965 S.W.2d at 182 ("Under section 537.762, dismissal is only proper where the defendant's liability is based solely on its status as seller in the stream of commerce.").  Strict products liability claims in Missouri can be based on a theory of design defect, manufacturing defect, or failure to warn.  *Id.* (citing *Pitman v. Ameristep Corp.*, 208 F. Supp. 3d 1053, 1060 (E.D. Mo. 2016)).  Here, Plaintiffs have

11

raised a claim of strict liability failure to warn against Rural King.

Under Missouri law, the elements of a strict liability failure to warn claim are:

(1) the defendant sold the product in question in the course of its business; (2) the product was unreasonably dangerous *at the time of sale* when used as reasonably anticipated without knowledge of its characteristics; (3) the defendant did not give adequate warning of the danger; (4) the product was used in a reasonably anticipated manner; and (5) the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

*Farkas v. Addition Mfg. Techs. LLC*, 952 F.3d 944, 947 (8th Cir. 2020) (emphasis in original)

(quoting *Moore v. Ford Motor Co.*, 332 S.W.3d 749, 756 (Mo. 2011) (en banc)).

Rural King does not argue that it is entitled to summary judgment because Plaintiff has been unable to establish the elements of strict liability failure to warn. Instead, Rural King merely argues that the strict liability claim should be dismissed as to Rural King under Missouri's innocent seller statute. The Court must therefore determine if Rural King has established that dismissal is proper under the Mo. Rev. Stat. § 537.762.

It is uncontested that (1) Bestway I&M manufactured the pool, (2) Bestway (Hong Kong) sold the pool to Rural King, (3) Bestway (USA) neither sold the pool to Rural King nor had any role in designing or manufacturing the pool, and (4) Rural King sold the pool to Third-Party Defendant Mary Flake. Despite Plaintiffs not having raised claims against Bestway I&M—the undisputed manufacturer of the pool—or Bestway (Hong Kong)—the only other identified upstream seller of the pool—Rural King asks this Court to dismiss Plaintiffs' claims against it under Mo. Rev. Stat. § 537.762. This argument fails.

Rural King has not established that the manufacturer of the pool is properly before

the Court as a "defendant" or that Plaintiffs can otherwise obtain full recovery from the Third-Party Defendants Bestway I&M and/or Bestway (Hong Kong).  Rural King urges the Court to find that Bestway I&M, as a third-party defendant and undisputed manufacturer of the pool, is "properly before the court" per the innocent seller statute.  In support, Rural King cites to Missouri authority for the contention that "Missouri law explicitly provides that third-party defendants are entitled to the same substantive and procedural rights as defendants named by the plaintiff."  ECF No. 108 at 11 (citing Mo. Rev. Stat. § 507.080 and *Travelers Prop. Cas. Co. of Am. v. Manitowoc Co.*, 389 S.W.3d 174, 179 (Mo. 2013) (en banc)).  Section 507.080 says nothing of the ability of a plaintiff to hold a third-party defendant liable.  Instead, § 507.080 provides the procedure for filing a third-party complaint and the substantive rights of third-party defendants to raise defenses.  Rural King fails to explain how § 507.080 allows Plaintiffs to obtain relief from Third-Party Defendants Bestway I&M or Bestway (Hong Kong) or how the claims against these Third-Party Defendants even survive once Rural King is dismissed from the case.

Rural King's reliance on *Travelers* is equally flawed.  The court in *Travelers* states that "third-party defendants are to be treated the same as defendants joined by the plaintiff."  *Travelers*, 389 S.W.3d at 179.  But when this statement is considered in context, it does not support Rural King's argument that another third-party defendant is properly before the court per the innocent seller stature.  In *Travelers*, the Missouri Supreme Court sitting en banc held that a third-party plaintiff is not required to admit liability in order to raise a claim against a third-party defendant.  *Id.*  This procedural

13

requirement is not at issue here, and therefore the ultimate holding of *Travelers* is unhelpful to deciding this case.

But elsewhere, the *Travelers* decision cites with approval to *Mo. Pac. R.R. v. Whitehead & Kales Co.* for the contention that:

> the ability of a plaintiff to sue and ultimately collect judgment against his or her choice of tortfeasor need not be impaired. Plaintiff continues [to be] free to sue one or more concurrent tortfeasors as he sees fit and nothing that transpires between them as to their relative responsibility can reduce or take away from plaintiff any part of his judgment.

*Id.* (citing *Mo. Pac. R.R. v. Whitehead & Kales Co.*, 566 S.W.2d 466, 474 (Mo. 1978) (en banc)). Unlike the holding from *Travelers*, this contention is relevant to Rural King's requested relief. Here, Plaintiffs have exercised their right to maintain strict liability claims against Rural King and Bestway (USA) only. Therefore, Rural King must show that Bestway (USA) is a proper defendant from which Plaintiffs can obtain total recovery. But, for the purposes of this summary judgment motion, it is undisputed that Bestway (USA) was not a participant in the stream of commerce, and therefore it is far from certain that Bestway (USA) is a proper defendant or that Plaintiff will be able to obtain total recovery from Bestway (USA). The Court is in no position to dismiss Rural King from this action when there is no other defendant properly before the Court from which Plaintiffs can obtain full recovery.

Rural King's reliance on *Malone v. Schapun, Inc.* fares no better. In *Malone*, the Missouri Court of Appeals reversed the trial court's dismissal of the defendant retailer under Missouri's innocent seller statute. 965 S.W.2d at 179. The Malone plaintiff was injured by an allegedly defective tarp strap he purchased at a local hardware store.

14

Plaintiff and his wife sued the supplier and retailer of the tarp strap for strict liability failure to warn. *Id.* at 179–80. The supplier of the tarp strap brought a third-party claim against the manufacturer seeking indemnity. *Id.* at 180. Plaintiffs later entered into a settlement agreement with the supplier and manufacturer. Plaintiffs then voluntarily dismissed their case against the supplier, and the supplier voluntarily dismissed its third-party complaint against the manufacturer. The retailer then moved for dismissal of the strict liability claims against it under the innocent seller statute, and the trial court agreed. Plaintiffs appealed. The retailer argued to the court of appeals that dismissal was proper because the manufacturer and supplier were "properly before the court" under the innocent seller statute. *Id.* at 180, 182. The court disagreed, finding that "the trial court erred in dismissing retailer under section 537.762 in that there was no defendant properly before the court from whom total recovery may be had for the [plaintiffs'] product liability claims." *Id.* at 184.

Though the facts from *Malone* are not directly on point, the *Malone* holding is nevertheless instructive here. Under Missouri law, the Court cannot dismiss the strict liability claims brought against Rural King unless and until Rural King can show that a defendant from which total recovery can be had is properly before the Court. Rural King has not done so. Rural King provides no explanation for how Plaintiffs would obtain recovery from the Third-Party Defendants Bestway I&M and/or Bestway (Hong Kong) given that Plaintiffs do not raise claims against these Third-Party Defendants. Therefore, dismissal of Plaintiffs' Count IX against Rural King is not proper. *See Davis*, 362 F. Supp. 3d at 659 ("[W]here it is otherwise unclear that a total recovery can be had against

the parties remaining in suit, it is error to apply the innocent seller statute.") (citing

*Malone*, 965 S.W.2d at 183–84.)  The Court will deny Rural King's Motion as to Count

IX.

## Negligent Failure to Warn

In negligent failure to warn cases, Missouri has adopted the test provided by the

Restatement (Second) of Torts:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier
>
> (a)    knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
>
> (b)    has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
>
> (c)    fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

*Griffin v. Kandi Techs. Corp.*, 454 S.W.3d 341, 345–46 (Mo. Ct. App. 2014) (quoting

*Morris v. Shell Oil Co.*, 467 S.W.2d 39, 42 (Mo. 1971); Restatement (Second) of Torts

§ 388 (Am. Law Inst. 1965)).  "The phrase 'reason to know' has been defined as being

satisfied when 'the actor has information from which a person of reasonable intelligence

or of the superior intelligence of the actor would infer that the fact in question exists, or

that such person would govern his conduct upon the assumption that such fact exists.'"

*Griffin*, 454 S.W.3d at 347–48 (citing *Malone*, 965 S.W.2d at 185).  Therefore, to survive

a motion for summary judgment, Plaintiffs must show facts in the record establishing that

Rural King had some knowledge that the pool was dangerous when it sold the pool to Mary Flake or knowledge of facts from which such danger could be inferred.  *Id.* at 347 ("[I]f Plaintiffs, after an adequate period of discovery, will be unable to produce facts showing [the sellers] had reason to know the [product] was dangerous or was likely to be dangerous, [the sellers] have shown a right to judgment as a matter of law.") (citation omitted).  "The mere act of selling a product is not sufficient to show the seller knew or had reason to know that product was likely to be dangerous." *Id.* (citation omitted).

Here, Plaintiffs present two theories regarding Rural King's knowledge of the alleged defective nature of the pool.  First, Plaintiffs assert that Rural King published photos of the fully constructed pool in print advertising, and that, from these photos alone, Rural King knew or should have known that the pool's design created an unreasonable danger to children.[4]  Second, Plaintiffs argue that Rural King was under an obligation to review the website saferproducts.gov, and, had it done so, Rural King would have found reports of children gaining entry into similarly designed pools.  Both arguments fail.

Plaintiffs provide no evidence to support their assertions that mere photos of the pool should have put Rural King on notice of a dangerous condition.  Further, if the danger presented by the pool's nylon strap is as open and obvious as Plaintiffs suggest, such that Rural King would be expected to recognize such a danger from a mere photograph of the pool, then Rural King was under no obligation to provide warnings to

---

[4]    It is undisputed that Rural King never assembled the pool or displayed an assembled pool on its premises.

Plaintiffs regarding this alleged danger.  *See DG&G, Inc. v. FlexSol Packaging Corp.*, 576 F.3d 820, 824 ("Manufacturers and distributors are not under a duty to provide warnings about dangers which are open and obvious, or which are commonly known.  If the user of a product knows or reasonably may be expected to know of a particular danger, strict liability will not result from a failure to warn of that danger.") (citing *Grady v. Am. Optical Corp.*, 702 S.W.2d 911, 915 (Mo. Ct. App. 1985)).  Therefore, Plaintiffs' reliance on Rural King's print advertisement to show that Rural King had knowledge of the alleged defective nature of the pool is misplaced.

Alternatively, Plaintiffs insist that their expert witness's testimony that Rural King should have monitored saferproducts.gov for reports about similarly designed pools creates an issue of fact that precludes summary judgment.  ECF No. 106 at 8 ("[A] jury could conclude based on Mohorovic's opinions that a reasonable seller in Rural King's position should have been monitoring similar products on safterproducts.gov [sic]."); *id.* ("Because a jury could find that Rural King had a duty to monitor safeproducts.gov regarding products similar to the pool at issue in this case, a jury could find Rural King should have known of those other incidents.").

In Missouri, "[t]he issue of whether a defendant had a duty of care to protect a decedent from injury under the circumstances of a given case is purely a question of law to be decided by a court."  *Neil v. St. Louis Cnty.*, 688 S.W.3d 268, (Mo. Ct. App. 2024) (citation and internal quotation marks omitted); *see also Scott v. Dyno Nobel, Inc.*, 967 F.3d 741, 744 (8th Cir. 2020) ("Whether a duty of care exists is a question of law[.]" (citing *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 156 (Mo. 2000)).

18

"Generally, the seller-retailer who neither knows nor has reason to know that a product manufactured by another is defective has no duty to test or inspect the product, and his failure to inspect will ordinarily not render him liable for injuries caused by the product." *Welkener v. Kirkwood Drug Store Co.*, 734 S.W.2d 233, 241 (Mo. Ct. App. 1987) (citing *Willey v. Fyrogas Co.*, 251 S.W.2d 635 (Mo. 1952)).

At the time of E.M.J.'s death, saferproducts.gov included three reports of children gaining access or trying to gain access to a pool with a similar design to that of the pool at issue in this case. None of these reports are independently verified, none are in reference to the specific pool at issue in this case, and none of the pools listed in the reports were designed or manufactured by Bestway I&M.

Plaintiffs have cited no legal authority to support the contention that Rural King has an affirmative duty to monitor saferproducts.gov for reports regarding products with similar designs to those it sells. Mr. Mohorovic states in his report that the Rural King failed to follow best practices promulgated by the CPSC when it failed to monitor saferproduct.gov for "incident reports, complaints, and recalls of products like" the pool. ECF No. 107-3 at 24. Rural King points out that this quote was taken from a September 2021 presentation by CSPC employee Jane Schott.[5] Plaintiffs do not allege that Rural King ever saw this presentation. And even if Rural King had seen it, the recommended best-practices included in the September 2021 presentation are not memorialized in any

---

[5] Jane Schott, *Product Safety and Compliance: Best Practices for Buyers Exporting Consumer Goods to the United States*, cspc.gov (September 2021), https://perma.cc/5PX2-JDQT.

regulation and post-date Rural King's sale of the pool to Mrs. Flake in 2019.  Therefore, Mr. Mohorovic's reliance on the September 2021 CPSC presentation cannot be used to show that Rural King knew or had a reason to know that the pool was dangerous at the time it sold the pool to Mark Flake.

Plaintiffs have presented no evidence indicating that Rural King knew or had reason to know that the pool was defective because of the design of its nylon strap.  It is undisputed that Rural King did not have knowledge of any prior complaints, claims, incident reports, warranty claims, lawsuits, or communications indicating a specific design defect with the subject pool.  ECF No. 98-6 at ¶ 5.  The Court agrees with Rural King that it was under no duty to test or inspect the pool, nor did it have a duty to monitor saferproducts.gov for unverified reports of potential issues with products that have a similar design to products it sells.  *See Griffin*, 454 S.W.3d at 348 (finding that an injury report regarding the general category of product defendant retailer sold to plaintiff was "simply not relevant" because "[s]cientific knowledge as shown by authoritative publications cannot be used to show knowledge on the part of a party without proof that the party had actual knowledge of the publication.").  Rural King is thus entitled to summary judgment as to Plaintiffs' claim of negligent failure to warn.  *See Malone*, 965 S.W.2d at 186–87 (finding that the trial court properly granted summary judgment for retailer on plaintiffs' failure to warn claim when plaintiffs failed to present evidence that retailer knew or had reason to know of alleged product defect).  The Court will grant summary judgment for Rural King as to Plaintiffs' Count VI.

20

**Express Warranty**

> The elements for a breach of express warranty claim are: (1) the defendant sold goods to the plaintiff; (2) the seller made a statement of fact about the kind or quality of those goods; (3) the statement of fact was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to the statement of fact; (5) the nonconformity injured the buyer; and (6) the buyer notified the seller of the nonconformity in a timely fashion.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 122 (Mo. 2010) (en banc) (citation omitted).

Rural King is entitled to summary judgment on Plaintiffs' express warranty claim because Plaintiffs have failed to establish several elements of their claim. The Court need not discuss every element; it is sufficient that Plaintiffs have failed to establish one of them. *Whitworth v. Kling*, 90 F.4th 1215, 1218 (8th Cir. 2024) (citation omitted). At the outset, Plaintiffs have not shown they meet the first element—that Rural King sold the pool to them. On the contrary, the pool was sold to Mary Flake, a Third-Party Defendant.

Even if Plaintiffs could show standing to bring the claim, it still fails because there is no evidence that Rural King made any statement about the pool's quality. Plaintiffs admit that Rural King did not manufacture, design, alter, modify, repair, maintain, or assemble the pool, or create, design, alter, or modify the pool's packaging, warnings, or assembly instructions. ECF No. 107 at ¶¶ 7 and 8. Rural King's print advertising contained no express warranties or representations. *Id.* at ¶ 6. Any warranties included in the pool's Owner's Manual, which Plaintiffs admit was not created, designed, altered, or modified by Rural King, cannot be attributed to Rural King. Thus, Rural King made

no express written warranties.

Further, the uncontroverted record shows that Mary and Patrick Flake did not have any substantive discussions with any Rural King employees regarding the pool. ECF No 98-3 at 92:4–93:4. Ms. Flake testified that she and her husband simply saw the box under a shelf and had Rural King employees help her and her husband load the pool into their truck. *Id.* at 91:4–92:23. Mary Flake's sole considerations when purchasing the pool were its size and price. This testimony further establishes that Rural King made no express warranties to the Flakes before they purchased the pool. It also shows that Mary and Patrick Flake did not rely on any particular representations made by Rural King when they purchased the pool. *Gillian v. Wright Med. Tech. Inc.*, 396 F. Supp. 3d 844, 849 (E.D. Mo. 2019) (dismissing breach of warranty claim where plaintiff failed to show advertisement constituted a material factor inducing plaintiff to purchase the product).

Because Plaintiffs have failed to establish necessary elements of their breach of express warranty claim—namely that Rural King sold the pool to Plaintiffs, that it made a statement of fact about the kind or quality of the pool, or that Mary Flake relied on any express warranties—the Court will grant summary judgment in favor of Rural King as to Plaintiffs' Count VII.

## Implied Warranty

Plaintiffs allege that "[t]he pool was not merchantable at the time of the sale[.]" ECF No. 5 at ¶ 89. "[T]o be deemed unmerchantable, a defect must leave a product unfit for the purpose for which it was designed." *Holman v. Ali Indus., LLC*, 654 F. Supp. 3d 871, 883 (W.D. Mo. 2023); *see also* Mo. Rev. Stat. § 400.2-314. Plaintiffs make no

attempt to establish that the pool was unfit for the purpose for which it was designed, i.e., to hold water for recreational use.  In addition, there is no evidence in the record that the pool failed to perform its purpose.  Therefore, Rural King is entitled to summary judgment as to Plaintiffs' implied warranty claim, Count VIII.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Rural King Holdings, Inc.'s Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**.  Summary judgment is granted in Rural King's favor as to Plaintiffs' claims of negligent failure to warn (Count VI), breach of express warranty (Count VII), and breach of implied warranty (Count VIII).  There remain issues of material fact to be determined by a jury at trial as to Plaintiffs' claim of strict liability failure to warn against Rural King (Count IX), so the Court will deny summary judgment for Rural King as to that claim.

Dated this 8th day of August, 2024.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE