UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE JUSTICE and ANNALEAH JUSTICE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:22-cv-00050-AGF |
| BESTWAY (USA), INC., and RURAL KING HOLDINGS, LLP, | ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| BESTWAY (USA), INC., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| MARY FLAKE and PATRICK FLAKE, | ) ) | |
| Third-Party Defendants, | ) ) | |
| and | ) ) | |
| RURAL KING HOLDINGS, LLP, | ) ) | |
| Cross Claimant, | ) ) | |
| v. | ) ) | |
| MARY FLAKE and PATRICK FLAKE, | ) ) | |
| Cross Defendants, | ) ) | |
| and | ) ) | |

RURAL KING HOLDINGS, LLP,     )
    )
      Third-Party Plaintiff,     )
    )
  v.     )
    )
BESTWAY (HONG KONG)     )
INTERNATIONAL LIMITED and     )
BESTWAY INFLATABLES &     )
MATERIALS CORPORATION,     )
    )
      Third-Party Defendants.     )

## <u>MEMORANDUM AND ORDER</u>

Plaintiffs Kyle Justice and Annaleah Justice bring this wrongful death action against Bestway (USA), Inc. and Rural King Holdings, LLP after their two-year old child, E.M.J., drowned in an above-ground pool. This matter is before the Court on Defendant Bestway (USA)'s Motion for Summary Judgment. ECF No. 128. Plaintiffs filed a Response (ECF No. 148) as well as a Response to Rural King's Statement of Uncontroverted Material Facts (ECF No. 149). Bestway (USA) filed a Reply. ECF No. 154. This matter is now fully briefed and ripe for disposition. For the reasons set forth below, the Court will grant in part and deny in part Bestway (USA)'s Motion.

## Background

### <u>The Complaint</u>

On January 18, 2022, Plaintiffs brought this action against Defendants Rural King and Bestway (USA).[1] ECF No. 5. Plaintiffs raise a total of nine claims against these

---

[1]     Plaintiffs first filed this case on January 13, 2022, naming "Safeway (USA), Inc." as a Defendant. Shortly thereafter, Plaintiffs filed an Amended Complaint that replaced

Defendants under Missouri's Wrongful Death statute, Mo. Rev. Stat. § 537.080, related to the drowning death of their minor daughter, E.M.J.  Five of those counts are against Bestway (USA): Count I – Strict Liability Design Defect; Count II – Strict Liability Failure to Warn; Count III – Negligence (under theories of both negligent design and negligent failure to warn); Count IV – Breach of Express Warranty; and Count V – Breach of Implied Warranty.

**<u>Relevant Uncontroverted Material Facts</u>**

Unless otherwise noted, the following facts are uncontroverted:[2]

On July 7, 2019, Third-Party Defendant Mary Flake, the child's grandmother, purchased an above-ground Bestway Power Steel pool (the "pool") from the Rural King store in Wentzville, Missouri.  Bestway (USA) did not manufacture, design, supply, or distribute the pool.  Bestway (USA)'s primary role is that of an after-sales customer support company for products manufactured and designed by Bestway Inflatables and Material Corporation ("Bestway I&M").  But Bestway (USA) also marketed Bestway I&M products, including the pool, to U.S. based retailers, and Bestway (USA)

---

Safeway (USA) with Defendant Bestway (USA).

[2]     Bestway (USA) attempts to controvert several of Plaintiffs' statements of fact by citing to a Missouri case, *Custer v. Wal-Mart Stores E. I., LP*, 492 S.W.3d 212, 215 (Mo. Ct. App. 2016), for the contention that witness testimony cannot itself be a "material fact" for the purposes of summary judgment.  *See*, *e.g.*, ECF No. 155 at 21.  However, Bestway (USA) does not explain why this Missouri case reflecting Missouri law is relevant to this Court, which is governed by the federal standard for a material fact for summary judgment.  To the extent that Bestway (USA) relies exclusively on its citation to *Custer* to controvert Plaintiffs' statements of material fact, those facts are deemed uncontroverted unless otherwise unsupported.

"perform[ed] the sale."  ECF No. 149-1 at 111:9.  Rural King ordered the pool directly

from Third-Party Defendant Bestway (Hong Kong) International, Ltd., and Bestway

(Hong Kong) shipped the pool directly to Rural King.  Bestway (USA) received a

commission for the sale.

A playhouse was located on the Flake's property.  The parties argue that E.M.J's

ability to access the playhouse at the time is relevant to her ability to have accessed the

pool in the manner asserted by Plaintiffs.  There is a factual dispute as to whether the

bottom rung of the playhouse ladder was missing in 2019 before E.M.J.'s death.  There is

no dispute, however, that E.M.J. was unable to lift her leg up to the ladder's bottom rung

and needed to be lifted onto the ladder.  At or near the time of the incident, if Mr. Justice

lifted E.M.J. onto the ladder, she was able to climb the rest of the way up into the

playhouse by herself.  The pool wall was a solid barrier, but the playhouse ladder did not

have a solid barrier between its rungs.

No one witnessed how E.M.J. gained access to the pool on August 3, 2019.

E.M.J. was discovered in the pool at or around 7:00 p.m. and was pronounced dead at

approximately 8:51 p.m.

Warren County Detective Jeff Doerr arrived at the scene of E.M.J.'s drowning at

approximately the same time that E.M.J. was declared deceased.  Photographs taken of

the scene by the Warren County Sheriff's Department depict muddy footprints and other

marks on the pool's nylon support strap and on the pool's exterior wall above the strap.

Detective Doerr observed these footprints and wrote that they "appeared to be that of a

small child and the prints appeared as if the small child was climbing up the side of the

4

pool." ECF No. 149-7 at 10. Detective Doerr did not compare the size of muddy footprints on the pool wall to the size of E.M.J.'s feet, nor did he take any of E.M.J.'s measurements.

Additional photographs taken by the Warren County Sheriff's Department depict a muddy blue tarp on the ground and touching up against the pool immediately below the area containing the muddy footprints. The ground near and around the blue tarp appeared to "wet and slightly muddy from leakage." *Id.* at 3. Detective Doerr concluded that E.M.J.'s death appeared to be accidental.

Warren County Sheriff's Deputy Austin Bond concluded in his incident report that small, muddy child-size footprints were located on the exterior pool wall "that appeared to have occurred from climbing into the pool." *Id.* at 5. Deputy Bond also noted in his report that, when he arrived at and surveyed the scene, he observed a pool ladder eleven (11) feet away from the pool. Warren County Sheriff's Deputy Aaron Steinmann wrote in his incident report that he "observed several small muddy footprints located on the northwest side of the pool canvas wall supporting the theory that E.M.J. climbed into the pool before drowning." *Id.* at 8. Two of Plaintiffs' retained expert witnesses, Dr. John Fletemeyer and Ms. Peggy Shibata, testified to their opinions that E.M.J. gained access to the pool by standing on the nylon support strap. Bestway (USA)'s expert, Mr. Fred Semke, testified that he could not deny that there were footprints on the pool wall.

A pool pump was located near the pool, and a hose ran from the pool pump to the pool wall. Photographs taken by the Warren County Sheriff's Department also show that a yellow bucket and a white chair were near the pool. The parties dispute how close each

of these objects was to the pool at the time E.M.J. accessed it.  Mr. Semke testified that he did not know where the yellow bucket was at the time E.M.J. entered the pool, nor did he know the height of the yellow bucket.

A well child visit dated June 24, 2019, lists E.M.J.'s height as 36.5 inches.  The autopsy report conducted on September 9, 2019, lists E.M.J.'s height as 35 inches.  The height of the pool wall was approximately 51 to 52 inches.  The nylon support strap that surrounded the exterior wall of the pool was approximately 14.5 inches off the ground and approximately 37 inches from the pool's top.

Before this incident, Bestway (USA) had never been made aware that a nylon support strap surrounding the outside of a Bestway Power Steel pool had been used by any child as a foothold to climb into the pool.  Before 2021, Bestway (USA) did not monitor the saferproducts.gov[3] website for reports of safety problems with similarly designed pools manufactured and sold by entities other than related Bestway entities. Prior to E.M.J.'s death, saferproducts.gov included an incident report from June 17, 2011, that described a two-year old being able to climb the wall of a similarly designed pool manufactured by Intex by using the nylon support strap as a foothold.  Two other reports on saferproducts.gov—dated August 13, 2011, and June 8, 2012, respectively—described children aged two-and-a-half and three years old being able to climb into similarly designed Intex pools using the nylon support strap as a foothold.

---

[3]    Saferproducts.gov is a website operated by the United States Consumer Product Safety Commission.  "Saferproducts.gov is where the public can file and read complaints about thousands of types of consumer products."  https://perma.cc/2CLZ-NK7N.

Prior to the sale of the pool to Mrs. Flake, Bestway (USA) did not perform any hazard identification, risk assessment, or any additional testing to identify any potential design defects related to the climbability of the pool's wall.  As of 2023, the Consumer Product Safety Commission ("CPSC") did not have any epidemiologic investigation reports that children were able to gain access to a Bestway pool using the nylon support strap as a foothold.  Bestway (USA) knew that children may sometimes be near and around residential pools without supervision.

The pool's owner's manual was prepared, edited, managed, and published by Third-Party Defendant, Bestway I&M.  Bestway (USA) did not provide input regarding substantive warnings contained in the owner's manual.  Mrs. Flake, who purchased the subject pool, did not read any of the warnings contained in the owner's manual in deciding to purchase the pool.  In the event that Mrs. Flake read the owner's manual, she did so for the sole purpose of reading the pool's assembly instructions.  When Mrs. Flake purchased the pool, she did not have any discussion with anyone from Rural King and decided to purchase the pool because of its size and price.

**The Parties' Arguments**

A.    Bestway (USA)'s Motion

On July 26, 2024, Defendant Bestway (USA) filed its Motion for Summary Judgment (ECF No. 128), a Memorandum of Law in Support (ECF No. 129), and a Statement of Uncontroverted Material Facts (ECF No. 130).  Bestway (USA) argues that summary judgment should be granted in its favor as to all of Plaintiffs' claims.

First, Bestway (USA) argues that Plaintiffs have failed to prove that the pool's

alleged defective design was the proximate cause of E.M.J.'s death.  Bestway (USA)

attacks the theory that E.M.J. was able to access the pool by using the pool's nylon

support strap as a foothold.  Bestway (USA) claims that the only evidence in support of

Plaintiffs' theory is the Warren County Sheriff's Report, which Bestway (USA) argues is

insufficient to carry Plaintiffs' burden.  Bestway (USA) contends that the report as

hearsay, without citing any legal authority in support.  Bestway (USA) further

emphasizes that Detective Doerr's conclusions cannot support Plaintiffs' theory because

Doerr's stated purpose for the investigation was to rule out foul play and not to determine

how E.M.J. accessed the pool.  Bestway (USA) also emphasizes testimony from E.M.J.'s

family that she was unable to climb the ladder to the Flake's playhouse and thus could

not have climbed the pool's taller wall.  In Bestway (USA)'s view, the evidence

supporting the theory that E.M.J. used the nylon support strap to enter the pool is

insufficient to establish Plaintiffs' theory of proximate cause above a speculative level.

Bestway (USA) also argues that Plaintiffs have failed to sufficiently discredit

other possible theories of how E.M.J. could have entered the pool.  According to Bestway

(USA), Plaintiffs are not only required to come forth with credible evidence that E.M.J.

accessed the pool via the nylon support strap, but they are also required to sufficiently

exclude other reasonable explanations for how E.M.J. could have accessed the pool.

Bestway (USA) relies on the reasoning of *Church v. Martin-Baker Aircraft Co.*, 643 F.

Supp. 499 (E.D. Mo. 1986).  Bestway (USA) contends that Plaintiffs have not established

that E.M.J. could not have accessed the pool by climbing the pool pump, the white chair,

or the yellow bucket, all of which were near the pool in the photographs taken by the

8

Warren County Sheriff's Department.  For these reasons, Bestway (USA) argues that Plaintiffs have failed to supply sufficient evidence to support their theory of causation and thus summary judgment should be granted in its favor as to Plaintiffs' strict liability and negligence claims.

Second, Bestway (USA) argues that it cannot be held liable under a theory of strict liability design defect or failure to warn because Bestway (USA) never transferred or sold the pool.  According to Bestway (USA), Rural King, the retailer that sold the pool to Third-Party Defendant Mary Flake, purchased the pool directly from Bestway (Hong Kong) and the pool was never handled at any point by Bestway (USA).  According to Bestway (USA), it cannot be held liable for a strict liability claim unless it directly transferred the pool somewhere along the stream of commerce.

Third, Bestway (USA) argues that it cannot be held liable for negligence under a theory of design defect or failure to warn because it owed no duty of care to Plaintiffs. As to Plaintiffs' theory of negligent design, Bestway (USA) avers that it could not have owed a duty to Plaintiffs because Bestway (USA) did not design or manufacture the pool. Bestway (USA) similarly contends that because it did not write any of the warnings included in the pool's owner's manual, it cannot have had a duty of care to Plaintiffs to provide adequate warnings.

Bestway (USA) also asserts that Plaintiffs have failed to establish an essential element of their negligence claims that it knew or had reason to know that the nylon support strap on the pool was dangerous.  Bestway (USA) emphasizes that Plaintiffs have the burden to establish that Bestway (USA) had actual knowledge of the strap's danger or

actual knowledge from which Bestway (USA) could infer that the support strap was dangerous. According to Bestway (USA), Plaintiffs have failed to come forward with any evidence supporting this element of their negligence claim against Bestway (USA).

Fourth, Bestway (USA) argues that they are entitled to summary judgment on Plaintiffs' warranty claims because Bestway (USA) never made warranties regarding the pool. As to the express warranty claim, Bestway (USA) argues that it cannot be held liable for the simple reason that it did not sell the pool to Plaintiffs or even to Mrs. Flake. Bestway (USA) further contends that the warranty that was allegedly breached was contained within the pool's owner's manual, which Bestway (USA) had no role in creating. Finally, Bestway (USA) argues that there is no evidence that Mrs. Flake, the purchaser of the pool, relied on the alleged express warranties when purchasing the pool.

As to Plaintiff's breach of implied warranty claim, Bestway (USA) argues that it neither sold or manufactured the pool nor have Plaintiffs come forth with evidence that the pool was not merchantable at the time of sale. Simply put, Bestway (USA) contends that there is no evidence that the pool failed to function as a pool, thus foreclosing Plaintiffs from pursuing their implied warranty claim.

Finally, Bestway (USA) makes a separate argument that Plaintiffs should be precluded from seeking punitive damages. Bestway (USA) asserts that, to obtain punitive damages, Plaintiffs must establish through clear and convincing evidence that it intentionally harmed E.M.J. or acted with a deliberate and flagrant disregard for her safety. Bestway (USA) contends that there is simply no evidence supporting the contention that Bestway (USA) knew or had reason to know that the nylon support strap

10

was dangerous, let alone that it recklessly disregarded that knowledge.

B.   Plaintiffs' Response

Plaintiffs oppose Bestway (USA)'s Motion only as to the strict liability, negligence, and punitive damages claims.  Plaintiffs provide no response to Bestway (USA)'s arguments regarding the express and implied warranty claims.

Plaintiffs contend that substantial evidence supports their theory of causation, i.e., that E.M.J. entered the pool by climbing on the nylon support strap and then pulling herself up and over the pool's edge.  Plaintiffs point to evidence that E.M.J. was only a few inches shorter than the distance between the nylon support strap and the top of the pool, suggesting that this small difference made it likely that E.M.J. was able to climb onto the support strap to enter to pool.  Plaintiffs also emphasize that reports from saferproducts.gov indicate that other children of approximately the same age as E.M.J. were able to climb the walls of similarly designed pools using the support strap. Plaintiffs also refer to the affidavit of Plaintiff Kyle Justice attesting that the bottom rung of the Flake's playhouse ladder was not present in 2019 when E.M.J. drowned such that it would be no surprise that E.M.J. needed assistance to get onto the first rung of the ladder, and thus negating Bestway (USA)'s argument that E.M.J. could not have climbed the pool wall if she was unable to climb the ladder's first rung.

Plaintiffs also substantially rely on the Warren County Sheriff's Report and accompanying photographs showing muddy footprints on the side of the pool to support their theory of causation.  Plaintiffs rely on the conclusions of the investigating officers that E.M.J. climbed the pool using the nylon support strap.  Plaintiffs further argue that,

despite Bestway (USA)'s assertion to the contrary, the Report is admissible hearsay under the public records exception.

Plaintiffs separately argue that they are not required at the summary judgment stage to eliminate every possible alternative theory of causation.  Even so, Plaintiffs contend that record evidence sufficiently excludes the alternative explanations posed by Bestway (USA).  They assert that there is simply no evidence showing that the pool pump or the yellow bucket were close enough to the pool to provide E.M.J. with an adequate platform from which she could climb into the pool.  Plaintiffs conclude their argument by asserting that causation is a question of fact that should be decided by the jury.

Plaintiffs further argue that there is sufficient evidence to support their allegations that Bestway (USA) sold the pool to Rural King.  Plaintiffs point to the testimony of Bestway (USA)'s designated corporate representative, Giacomo Mayer, that Bestway (USA) sold the pool.  Plaintiffs further assert that Bestway (USA) marketed the pool directly the U.S. retailers like Rural King, arranged the sales of the pools to such retailers, and earned a commission from such sales.  Plaintiffs rely on *Ford v. GACS, Inc.*, 265 F.3d 670, 680 (8th Cir. 2001) for the contention that "[s]trict liability may be imposed based on the defendant's participatory connection, for his personal profit or other benefit, with the injury-producing product and with the enterprise that created consumer demand for and reliance upon the product."  ECF No. 148 at 8.  Plaintiffs then cite to responses from Mr. Mayer to hypothetical questions where he agrees that Bestway (USA) was under an obligation to report information like the reports on saferproducts.gov to the

12

manufacturer of the product had they known about such reports.  Plaintiffs say that such activities are sufficient to established that Bestway (USA) sold the product by placing the pool into the stream of commerce and thus liability should attach.

With respect to their negligence claim, Plaintiffs aver that there is sufficient evidence of Bestway (USA)'s negligence to preclude summary judgment in Bestway (USA)'s favor.  Plaintiffs make conclusory statements that the pool's nylon support strap make the pool's design defective and unreasonably dangerous.  They also argue that the pool's owner's manual does not include sufficiently clear warnings that the pool's wall does not constitute a conforming barrier and requires a separate barrier to be safe. Plaintiffs state, without citation to evidence or authority, that Bestway (USA) knew or should have known that the pool wall was not a proper barrier and created a risk to children.  Plaintiffs also assert that Bestway (USA) did not perform any hazard identification, risk assessment, or any additional testing to identify any design defects. Plaintiffs further cite to testimony from its retained expert, Joseph Mohorovic, regarding Rural King and his opinion that Rural King is under a duty to monitor incident reports from saferproducts.gov for products similar to those that Rural King sells.  Plaintiffs attempt to attribute this same alleged duty to Bestway (USA), even though Mr. Mohorovic provided no opinions or testimony about Bestway (USA).

Finally, Plaintiffs assert that there remain issues of material fact as to whether Bestway (USA) acted with flagrant and deliberate disregard for E.M.J.'s safety such that the jury should decide the issue of punitive damages.  As their only support for this argument, Plaintiffs state they have come forth with sufficient facts supporting their

negligence claim against Bestway (USA).  They then make the conclusory statement, unsupported by evidence, that Bestway (USA) had sufficient knowledge of the danger of the nylon support strap to establish that it acted with deliberate and flagrant disregard for E.M.J.'s safety.

     C.    <u>Bestway (USA)'s Reply</u>

In its Reply, Bestway (USA) reiterates its arguments in support of its Motion, emphasizing the Plaintiffs have failed to come forward with sufficient evidence to support any of their claims.  In particular, Bestway (USA) takes issue with Plaintiffs' arguments regarding E.M.J.'s alleged ability to pull herself up the pool's wall using the nylon support strap as a foothold.  Bestway (USA) attacks Plaintiff Kyle Justice's recently submitted affidavit as self-serving, contrary to his previous testimony,[4] and ultimately irrelevant because other testimony established that E.M.J. was unable to climb the remainder of the playhouse ladder regardless of whether the first rung was missing.  Bestway (USA) also argues that Plaintiffs' use of saferproducts.gov reports of pools not manufactured by any Bestway entity are irrelevant to this case.

Bestway (USA) does not provide a response to Plaintiffs' argument that it can be held liable for its participation in bringing the product into the stream of commerce other than to reiterate its point that Bestway (USA) did not transfer the pool from the manufacturer or distributor to Rural King.  Bestway (USA) further states that Plaintiffs

---

[4]    Bestway (USA) contends that Mr. Justice's affidavit is "contrary to his previous given testimony," but fails to cite to any contrary testimony by Mr. Justice contained in the court record.

have not come forth with evidence that Bestway (USA) had knowledge of the danger of the nylon support strap to maintain a negligence claim or to establish the intent necessary to succeed on a claim for punitive damages.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden of demonstrating there are no genuine issues of material fact rests on the moving party, and [the Court] review[s] the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party." *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015) (citation omitted). To withstand a motion for summary judgment, the nonmovant has the "burden of presenting evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in their favor." *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). The nonmovant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (internal quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). "The movant is entitled to judgment as a matter of law 'when the plaintiff has failed to make a

15

sufficient showing of the existence of an essential element of her case.'" *Whitworth v. Kling*, 90 F.4th 1215, 1218 (8th Cir. 2024) (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996)).

## Discussion

Bestway (USA) has established that it is entitled to summary judgment as to Plaintiffs' claims of negligence (Count III), breach of express warranty (Count IV), breach of implied warranty (Count V), and punitive damages. However, there remain disputes of material fact as to whether Bestway (USA) is liable under a theory of strict liability. Therefore, Plaintiffs' strict liability claims will proceed to trial, and the Court will grant summary judgment in favor of Bestway (USA) as to all of Plaintiffs' other claims.

### Strict Liability

Because this case is before this Court per the Court's diversity jurisdiction, Missouri law governs the substantive issues. *See Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001).

Strict products liability claims in Missouri can be based on a theory of design defect, manufacturing defect, or failure to warn. *Davis v. Dunham's Athleisure Corp.*, 362 F. Supp. 3d 651, 658 (E.D. Mo. 2019) (citing *Pitman v. Ameristep Corp.*, 208 F. Supp. 3d 1053, 1060 (E.D. Mo. 2016)). Here, Plaintiffs have raised claims of strict liability against Bestway (USA) under the theories of design defect and failure to warn.

Under Missouri law, the elements of a strict liability failure to warn claim are:

(1) the defendant sold the product in question in the course of its business;

16

(2) the product was unreasonably dangerous *at the time of sale* when used as reasonably anticipated without knowledge of its characteristics; (3) the defendant did not give adequate warning of the danger; (4) the product was used in a reasonably anticipated manner; and (5) the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

*Farkas v. Addition Mfg. Techs. LLC*, 952 F.3d 944, 947 (8th Cir. 2020) (emphasis in original) (quoting *Moore v. Ford Motor Co.*, 332 S.W.3d 749, 756 (Mo. 2011) (en banc)); *see also* Mo. Rev. Stat. § 537.760.

Under Missouri law, the elements of a strict liability design defect claim are the same as those for a failure to warn claim minus the element that the defendant did not give adequate warning of the danger. *See*, *e.g.*, *Ingham v. Johnson & Johnson*, 608 S.W.3d 663, 712 (Mo. Ct. App. 2020); *see also* Mo. Rev. Stat. § 537.760. "To make a submissible case for strict liability, a plaintiff must show: (1) the defendant sold a product in the course of its business; (2) the product was then in a defective condition; (3) the product was used in a manner reasonably anticipated; and (4) the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold." *Ingham*, 608 S.W.3d at 712 (quoting *Poage v. Crane Co.*, 523 S.W.3d 496, 508 (Mo. Ct. App. 2017)).

Bestway (USA) raises two challenges to Plaintiffs' strict liability claims. First, Bestway (USA) asserts that it is due summary judgment under both theories of strict liability because Plaintiffs have failed to adequately support the element of causation. Second, Bestway (USA) argues that it did not sell the pool along the stream of commerce and thus cannot be held liable under either espoused theory of strict liability. The Court will address each argument in turn.

17

A.    Causation

"A prima facie showing of causation requires the plaintiff to show the defendant's conduct was 'more probably than not' the cause of injury." *Ingham*, 608 S.W.3d at 712 (citation omitted).  In Missouri, this requires a showing of two types of causation: causation in fact ("but for" causation) and proximate causation.  *Id.* (citing *Poage*, 523 S.W.3d at 508).  Plaintiffs can establish causation with circumstantial evidence, but Plaintiffs "must remove the case from the field of conjecture and establish it by substantial evidence of probative value, or by inferences reasonably to be drawn from the evidence." *Church*, 643 F. Supp. at 505 (citing *Aetna Cas. and Surety Co. v. Gen. Elec. Co.*, 581 F. Supp. 889, 895 (E.D. Mo. 1984)).  "The plaintiff is not required to eliminate every possible contrary explanation[,] but the plaintiff does have the burden of establishing circumstances from which the facts necessary to prove plaintiff's claim may be inferred, without resort to conjecture and speculation, and such circumstances proved must point reasonably to the desired conclusion." *Id.*  Such inferred facts "must tend to exclude any other reasonable conclusion." *Id.* (collecting cases).

Bestway (USA) relies on *Church* in asserting that Plaintiffs cannot meet their burden.  In *Church*, the Court concluded that plaintiff had failed to carry her burden of proof as to cause because she "simply failed to negate the defendant's theory for decedent's death, which was as probable (if not more probable) than [the] alleged defect . . . ." *Id.* at 505.  Acting as the finder of fact at trial, the district court found that plaintiff's expert testimony was effectively rebutted by defendant's experts and that "the physical evidence relied upon was as supportive for defendant as it was for plaintiff." *Id.*

According to Bestway (USA), Plaintiffs have failed "provide substantial evidence that excludes other reasonable conclusions" because the record evidence has not sufficiently negated other plausible explanations for how E.M.J. accessed the pool.  ECF No. 129 at 7.  But the district court in *Church* was making findings of fact and conclusions of law following a bench trial, not reviewing the evidence to determine if the defendant was entitled to summary judgment.  *Id.* at 500 ("This matter is before the Court for a decision on the merits after trial to the Court sitting in admiralty.").

Here, the burden rests with Bestway (USA) to show that no issues of material fact remain and that it is due summary judgment as a matter of law.  Because Bestway (USA) has challenged the evidentiary support of the causation element of Plaintiffs' claims, the burden shifts to Plaintiffs to establish that issues of material fact remain by pointing to specific record evidence putting such facts in dispute.  Plaintiffs have done so.

The evidence presented by Plaintiffs, including the mud marks on the pool's wall and nylon support strap, some of which appear to be the footprints of a small child, as reflected in the Warren County Sheriff's Department Report[5] and accompanying photographs, are sufficient evidence from which a reasonable jury could find that the actual and proximate cause of E.M.J.'s death was the design of the pool, i.e., the location and size of the nylon support strap created an improper foothold on which children can gain access to the pool.  This evidence is further supported by the testimony of Plaintiffs'

---

[5]    Bestway (USA) has failed to provide sufficient evidence or legal support to show that the Report is inadmissible hearsay.  Nor has Bestway (USA) shown that the information cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2).

experts.  From this evidence, a jury could reasonably infer that E.M.J. used the nylon support strap and the pool's wall to climb up and over the top of the pool causing her to drown.

Further, construed most favorably to Plaintiffs, the reasonable inferences from these facts sufficiently tend to exclude other possible explanations for how E.M.J. entered the pool.  While Bestway (USA) argues that the pool pump, a white chair, and a yellow bucket located near the pool present modes of entry more plausible than E.M.J. using the nylon support strap, there remains a factual dispute over whether the pool pump, white chair, or the yellow bucket were close enough to the pool to provide E.M.J. with a platform from which she could climb into the pool.

Considering the evidence in the light most favorable to Plaintiffs, as the Court must do on a motion for summary judgment, the Court finds that a reasonable jury could conclude that E.M.J. entered the pool using the nylon support strap and not by using the pool pump, the white chair, the yellow bucket, or by any other means.  These issues of fact must ultimately be decided by a jury.  The Court will therefore deny Bestway (USA) summary judgment as to the issue of causation.

B.     Stream of Commerce

Bestway (USA) asserts that it cannot be held liable under either theory of strict liability because it did not transfer the product at any point in the chain of commerce. But Plaintiffs have come forth with deposition testimony from Bestway (USA)'s corporate representative that would support finding that Bestway (USA) sold the product and played a role in placing the pool into the stream of commerce.

20

Missouri law recognizes a broader definition of sale than that proposed by Bestway (USA).  In *Bailey v. Innovative Mgmt. & Inv., Inc.*, the Missouri Court of Appeals stated that:

> The word "sells" within the Restatement rule[6] . . . of strict liability is merely descriptive, and the test for determining the applicability of the rule is not the sale of the product, but rather the placing thereof in commerce.  Thus, liability is imposed on all those in the chain of placing a defective product in the stream of commerce, and the product need not be actually sold if it has been injected in the stream of commerce by other means.  Under the stream-of-commerce approach to strict liability no precise legal relationship to the member of the enterprise causing the defect to be manufactured or to the member most closely connected with the customer is required before the courts will impose strict liability; it is the defendant's *participatory connection, for his personal profit or other benefit*, with the injury-producing product and *with the enterprise that created consumer demand for and reliance upon the product* which calls for the imposition of strict liability.

916 S.W.2d 805, 807–08 (Mo. Ct. App. 1995).

Here, Bestway (USA), through its corporate representative, admitted that it marketed the product to Rural King, facilitated the sale between Rural King and Bestway (Hong Kong), and earned a commission off the sale.  This participatory connection to the sale of the pool, including profiting off the sale, is evidence upon which a reasonable jury could find that Bestway (USA) placed the pool into the stream of commerce.  The Court finds that Bestway (USA) has failed to establish it is entitled to summary judgment as to Plaintiffs' strict liability claims based on its theory that it did not sell the product to Rural King.  Therefore, the Court will deny Bestway (USA)'s Motion as to Plaintiffs' strict liability claims, Counts I and II.

---

[6]    Restatement (Second) of Torts § 402A (Am. Law Inst. 1965).

**Negligence**

Bestway (USA) asserts it is entitled to summary judgment on Plaintiffs' negligence claims under a theory of design defect and failure to warn for three reasons. First, Bestway (USA) argues that it cannot be held liable for negligent design defect because it did not participate in the manufacture or design of the pool.  Second, Bestway (USA) argues that it cannot be held liable for negligent failure to warn because it did not participate in writing any warnings for the pool.  Finally, Bestway (USA) argues that, regardless of whether the Court finds that it participated in the design or manufacture of the pool or the preparation of the pool's warnings, it is still entitled to summary judgment because Plaintiffs have failed to establish that Bestway (USA) knew or had reason to know of the danger of the pool's nylon support strap.[7]  Because the Court finds that Plaintiffs have failed to come forth with evidence supporting that Bestway (USA) knew or had reason to know that the nylon support strap created a danger to E.M.J., it will grant summary judgment in favor of Bestway (USA) as to Plaintiffs' negligence claims in Count III.

 For products liability claims sounding in negligence, Missouri has adopted the test provided by the Restatement (Second) of Torts:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which

---

[7]   To the extent that Bestway (USA) argues that it cannot be held liable under either negligence theory because (1) Plaintiffs have failed to establish the element of causation, and/or (2) Plaintiffs have failed to establish that Bestway (USA) sold the product, the Court rejects those arguments for the reasons already discussed above.

and by a person for whose use it is supplied, if the supplier

(a)    knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and

(b)    has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and

(c)    fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

*Griffin v. Kandi Techs. Corp.*, 454 S.W.3d 341, 345–46 (Mo. Ct. App. 2014) (quoting

*Morris v. Shell Oil Co.*, 467 S.W.2d 39, 42 (Mo. 1971); Restatement (Second) of Torts

§ 388 (Am. Law Inst. 1965)).  "The phrase 'reason to know' has been defined as being

satisfied when 'the actor has information from which a person of reasonable intelligence

or of the superior intelligence of the actor would infer that the fact in question exists, or

that such person would govern his conduct upon the assumption that such fact exists.'"

*Griffin*, 454 S.W.3d at 347–48 (citing *Malone*, 965 S.W.2d at 185).  Therefore, to survive

a motion for summary judgment, Plaintiffs must establish that Bestway (USA) had some

knowledge that the pool was dangerous when it sold the pool to Rural King or knowledge

of facts from which such danger could be inferred.  *Id.* at 347 ("[I]f Plaintiffs, after an

adequate period of discovery, will be unable to produce facts showing [the sellers] had

reason to know the [product] was dangerous or was likely to be dangerous, [the sellers]

have shown a right to judgment as a matter of law.") (citation omitted).  "The mere act of

selling a product is not sufficient to show the seller knew or had reason to know that

product was likely to be dangerous." *Id.* (citation omitted).

In Missouri, "[t]he issue of whether a defendant had a duty of care to protect a

23

decedent from injury under the circumstances of a given case is purely a question of law to be decided by a court." *Neil v. St. Louis Cnty.*, 688 S.W.3d 268, (Mo. Ct. App. 2024) (citation and internal quotation marks omitted); *see also Scott v. Dyno Nobel, Inc.*, 967 F.3d 741, 744 (8th Cir. 2020) ("Whether a duty of care exists is a question of law[.]" (citing *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 156 (Mo. 2000)). "Generally, the seller-retailer who neither knows nor has reason to know that a product manufactured by another is defective has no duty to test or inspect the product, and his failure to inspect will ordinarily not render him liable for injuries caused by the product." *Welkener v. Kirkwood Drug Store Co.*, 734 S.W.2d 233, 241 (Mo. Ct. App. 1987) (citing *Willey v. Fyrogas Co.*, 251 S.W.2d 635 (Mo. 1952)).

Plaintiffs argue that Bestway (USA) should have performed hazard identification, risk assessment, or testing to identify any potential design defects related to the climbability of the pool wall, yet it failed to do so. But as stated above, Missouri does not require a seller to conduct such testing, so this cannot be the reason to find that Bestway (USA) had a duty to Plaintiffs.

At the time of E.M.J.'s death, saferproducts.gov included three reports from seven and eight years earlier of children gaining access or trying to gain access to a pool with a similar design to that of the pool at issue in this case. None of these reports are independently verified, none are in reference to the specific pool at issue in this case, and none of the pools listed in the reports were designed or manufactured by Bestway I&M or Bestway (USA). It is undisputed that Bestway (USA) did not have knowledge of these reports before E.M.J.'s tragic drowning, so evidence of these reports also cannot be the

24

reason to find that Bestway (USA) owed a duty to Plaintiffs.

Plaintiffs argue here, much like they did in response to Rural King's Motion for Summary Judgment, that Bestway (USA) had a duty to monitor saferproducts.gov for reports of dangers presented by similarly designed pools, and thus Bestway (USA) should have known of the danger inherent in the design of Bestway Power Steel pool's nylon support strap. But Plaintiffs have cited no legal authority to support the contention that Bestway (USA) has an affirmative duty to monitor saferproducts.gov for reports regarding products with similar designs to those it sells. So, this also cannot form the basis of Bestway (USA)'s alleged duty to Plaintiffs.

Mr. Mohorovic's opinion testimony that Rural King, as the pool's importer and retailer, had a duty to monitor reports on saferproducts.gov does not support finding that Bestway (USA) had a duty to Plaintiffs in this case. Mr. Mohorovic states in his report that the Rural King failed to follow best practices promulgated by the CPSC when it failed to monitor saferproduct.gov for "incident reports, complaints, and recalls of products like" the pool. ECF No. 149-17 at 24. Plaintiffs fail to explain how Mr. Mohorovic's opinions, which all relate only to Rural King, support finding that Bestway (USA) had a duty to monitor saferproducts.gov. Moreover, the Court previously found that Mr. Mohorovic's opinions were insufficient to find that Rural King had a duty to Plaintiffs, and his opinions certainly cannot be used to find that Bestway (USA) had such a duty.

Plaintiffs have presented no other convincing evidence indicating that Bestway (USA) knew or had reason to know that the pool was defective because of the design of

its nylon support strap.  It is undisputed that, prior to E.M.J.'s death, Bestway (USA) had never been made aware that the nylon support strap on a Bestway Power Steel pool had been used by any child as a foothold to gain entry into a Bestway Power Steel pool.  The Court agrees with Bestway (USA) that it was under no duty to test or inspect the pool, nor did it have a duty to monitor saferproducts.gov for unverified reports of potential issues with products that have a similar design to products it sells.  *See Griffin*, 454 S.W.3d at 348 (finding that an injury report regarding the general category of product defendant retailer sold to plaintiff was "simply not relevant" because "[s]cientific knowledge as shown by authoritative publications cannot be used to show knowledge on the part of a party without proof that the party had actual knowledge of the publication.").  Finally, while it is undisputed that Bestway (USA) knew that children may sometimes be near and around residential pools without supervision, this fact, standing alone, is insufficient to trigger a duty to Plaintiffs.

Because Plaintiffs have failed to come forth with sufficient evidence to establish that Bestway (USA) owed a duty to Plaintiffs with respect to the alleged harm, Bestway (USA) is entitled to summary judgment on Plaintiffs' negligence claims as a matter of law.  The Court will grant summary judgment for Bestway (USA) as to Plaintiffs' negligence claims under Count III.

**Punitive Damages**

Punitive damages are available in strict liability cases[8] "only if there is clear and

---

[8]    Because the Court has already found the Bestway (USA) is entitled to summary judgment on the negligence claims, the Court need not analyze whether punitive damages

convincing evidence that defendant 'placed in commerce an unreasonably dangerous product with actual knowledge of the product's defect.'" *Peters v. Gen. Motors Corp.*, 200 S.W.3d 1, (Mo. Ct. App. 2006) (quoting *Letz v. Turbomeca Engine Corp.*, 975 S.W.2d 155, 164–65 (Mo. Ct. App. 1997)).  "Both strict liability and negligence theories require evidence that the defendant showed a complete indifference to or conscious disregard for the safety of others." *Id.* (internal quotation marks and citation omitted). "Punitive damages are appropriate, therefore, only when the defendant's conduct is outrageous due to evil motive or reckless indifference to the rights of others, which must be proven by clear and convincing evidence." *Id.* (citing *Blue v. Harrah's North K.C., LLC*, 170 S.W.3d 466, 477 (Mo. Ct. App. 2005)).  "To satisfy the 'clear and convincing' standard of proof, evidence must show that the defendant either knew or had reason to know that there was a high degree of probability that the defendant's conduct would result in injury." *Id.* (citing *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 160 (Mo. 2000) (en banc).

Here, Plaintiffs have not come forth with clear and convincing evidence that Bestway (USA)'s conduct was outrageous due to an evil motive or that Bestway (USA) acted with reckless indifference to E.M.J.'s safety.  In their opposition to the Motion, Plaintiffs merely argue that the evidence supporting their theory of negligence is also sufficient to establish their right to punitive damages.  But, as discussed above, Plaintiffs have failed to come forward with evidence indicating that Bestway (USA) had

---

would be available on those claims.

knowledge of the dangerous condition of the pool. This evidence therefore cannot provide clear and convincing evidence supporting punitive damages under the theory that Bestway (USA) acted with an evil motive or reckless indifference. The Court will therefore grant summary judgment in Bestway (USA)'s favor as to punitive damages.

## Express Warranty

> The elements for a breach of express warranty claim are: (1) the defendant sold goods to the plaintiff; (2) the seller made a statement of fact about the kind or quality of those goods; (3) the statement of fact was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to the statement of fact; (5) the nonconformity injured the buyer; and (6) the buyer notified the seller of the nonconformity in a timely fashion.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 122 (Mo. 2010) (en banc) (citation omitted).

Bestway (USA) is entitled to summary judgment on Plaintiffs' express warranty claim because Plaintiffs have failed to establish several elements of their claim. The Court need not discuss every element; it is sufficient that Plaintiffs have failed to establish one of them. *Whitworth v. Kling*, 90 F.4th 1215, 1218 (8th Cir. 2024) (citation omitted).

At the outset, Plaintiffs have not shown they meet the first element—that Bestway (USA) sold the pool to them. On the contrary, the pool was sold to Mrs. Flake, a Third-Party Defendant.

Even if Plaintiffs could show standing to bring the claim, it still fails because there is no evidence that Bestway (USA) made any statement about the pool's quality to Plaintiffs. It is undisputed that Third-Party Defendant Bestway I&M prepared, edited,

managed, and published the pool's owner's manual, the only alleged source of any express warranty.  Bestway (USA) did not provide input regarding substantive warnings contained in the owner's manual, and thus, any warranties included in owner's manual cannot be attributed to Bestway (USA).  Thus, Bestway (USA) made no express written warranties.

Further, it is undisputed that Mrs. Flake, who purchased the pool, did not read any of the alleged warranties, and thus did not rely on such warranties.  This provides an independent reason to grant summary judgment in Bestway (USA)'s favor on Plaintiffs' express warranty claim.

Because Plaintiffs have failed to establish necessary elements of their breach of express warranty claim—namely that Bestway (USA) sold the pool to Plaintiffs, that it made a statement of fact about the kind or quality of the pool, or that they relied on some express warranty—the Court will grant summary judgment in favor of Bestway (USA) as to Plaintiffs' Count IV.

**Implied Warranty**

Plaintiffs allege that "[t]he pool was not merchantable at the time of the sale[.]" ECF No. 5 at ¶ 89.  "[T]o be deemed unmerchantable, a defect must leave a product unfit for the purpose for which it was designed."  *Holman v. Ali Indus., LLC*, 654 F. Supp. 3d 871, 883 (W.D. Mo. 2023); *see also* Mo. Rev. Stat. § 400.2-314.  Plaintiffs make no attempt to establish that the pool was unfit for the purpose for which it was designed, i.e., to hold water for recreational use.  In addition, there is no evidence in the record that the pool failed to perform its purpose.  Therefore, Bestway (USA) is entitled to summary

judgment as to Plaintiffs' implied warranty claim, Count V.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Bestway (USA), Inc.'s Motion for Summary Judgment (ECF No. 128) is **GRANTED in part** and **DENIED in part**.  Summary judgment is granted in Bestway (USA)'s favor as to Plaintiffs' claims of negligence (Count III), breach of express warranty (Count IV), and breach of implied warranty (Count V).  The Court also grants summary judgment in favor of Bestway (USA) as to punitive damages, which Plaintiffs will be precluded from seeking at trial.  There remain disputed issues of material fact to be determined by a jury at trial as to Plaintiffs' claim of strict liability design defect (Count I) and strict liability failure to warn (Count II), so the Court denies summary judgment for Bestway (USA) as to those claims.

Dated this 22nd day of October, 2024.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

30