# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KYLE JUSTICE and ANNALEAH JUSTICE, ) ) ) | |
| Plaintiffs, ) ) ) | |
| v. ) ) | No. 4:22-cv-00050-AGF |
| BESTWAY (USA), INC., and RURAL KING HOLDINGS, LLP, ) ) ) ) | |
| Defendants, ) ) ) | |
| and ) ) | |
| BESTWAY (USA), INC., ) ) ) | |
| Third-Party Plaintiff, ) ) ) | |
| v. ) ) | |
| MARY FLAKE and PATRICK FLAKE, ) ) ) | |
| Third-Party Defendants, ) ) ) | |
| and ) ) | |
| RURAL KING HOLDINGS, LLP, ) ) ) | |
| Cross Claimant, ) ) ) | |
| v. ) ) | |
| MARY FLAKE and PATRICK FLAKE, ) ) ) | |
| Cross Defendants, ) ) ) | |
| and ) ) | |

| | |
|---|---|
| RURAL KING HOLDINGS, LLP, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BESTWAY (HONG KONG) | ) |
| INTERNATIONAL LIMITED and | ) |
| BESTWAY INFLATABLES & | ) |
| MATERIALS CORPORATION, | ) |
| | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Rural King Holdings, LLP's motions to strike portions of the expert report and testimony of Peggy Shibata (ECF No. 113, the "Shibata Motion") and motion to exclude the expert report and testimony of Joseph Mohorovic (ECF No. 114, the "Mohorovic Motion"). The motions are now fully briefed and ripe for disposition. For the reasons set forth below, the Court will grant Rural King's motions.

## Background

This case involves claims raised by Plaintiffs Kyle and Annaleah Justice against Defendants Bestway (USA), Inc. and Rural King under the Missouri Wrongful Death Statute, Mo. Rev. Stat. § 537.080. Plaintiffs' claims arose from the drowning death of their minor daughter, E.M.J., in an above-ground pool on August 3, 2019. Plaintiffs raised four claims against Rural King: Count VI – Negligence; Count VII – Breach of Express Warranty; Count VIII – Breach of Implied Warranty; and Count IX – Strict Liability. ECF No. 5.

A. The Shibata Motion

Rural King argues that certain opinions of Plaintiffs' retained human factors expert, Peggy Shibata, should be excluded. Ms. Shibata holds a bachelor's degree in mechanical engineering as well as master's degrees in both mechanical and biomedical engineering. ECF No. 113-2 at 1. She claims expertise in "mechanical engineering and biomechanics, with particular expertise in accident reconstruction, rigid body dynamics, computational modeling and analysis, human injury tolerance, and injury analyses associated with transportation, recreational activities and equipment, and falls." *Id.* According to her report, Ms. Shibata's task in this case was to "perform a safety analysis with respect to the design of the subject pool and this incident." ECF No. 113-1 at 4. Her report offers fifteen (15) numbered conclusions and opinions to which she plans to testify that she holds "to a reasonable degree of engineering and scientific certainty." *Id.* at 30–31.

Rural King has moved to exclude three specific opinions from Ms. Shibata's report:

> 7. Rural King failed to perform any hazard identification for the subject pool design or similar pool designs, prior to, or after, selling the subject pool.
>
> 8. Rural King failed to perform any risk assessment for the subject pool design or similar pool designs, prior to, or after, selling the subject pool.
>
> 9. Rural King failed to perform any testing to identify potential design defects related to the climbability of the subject pool wall prior to, or after, selling the subject pool.

*Id.* at 30. Rural King argues that these opinions are about retail practices, and Ms. Shibata is unqualified to provide them because she has "no educational background

3

related to retail practices or industry standards, nor does she have occupational experience in the field." ECF No. 113 at 4.  According to Rural King, the only bases for these opinions are the report and opinions of Ms. Shibata's colleague, Mr. Mohorovic.  Rural King also argues that these opinions are not opinions at all but simply misleading statements that would be unhelpful to the jury.  Finally, Rural King argues that these opinions do not accurately apply the law to the facts of this case because Missouri law does not require retailers like Rural King to independently inspect or test the products it sells.

      Plaintiffs argue that Ms. Shibata (1) is qualified to offer the challenged opinions; (2) based her opinions on sufficient facts and data; and (3) offers opinions that are helpful to the jury.  Plaintiffs contend that the challenged opinions are not about retail practices, but are instead opinions about hazard identification, risk assessment, and testing, which are all well within the purview of Ms. Shibata's engineering expertise.  Plaintiffs assert that Ms. Shibata based these opinions on sufficient facts and data because she reviewed documents and interrogatory answers provided by Rural King, but Plaintiffs do not specifically state which documents Ms. Shibata relied on to form her opinions.  As to whether Ms. Shibata reliably applied a methodology to assess the facts and data from this case to arrive at her opinions, Plaintiffs make only a generic statement that Ms. Shibata "derived her opinions from application of the scientific method as a framework for the development of the test method, for analyzing data, for interpretation of results, and for biomechanical and human factors analyses." ECF No. 138 at 7.  Finally, Plaintiffs

4

emphasize that Ms. Shibata's opinions will help the jury to decide whether Rural King breached its duty to warn Plaintiffs about the dangers of the subject pool.

Rural King did not file a reply.

B.      The Mohorovic Motion

Rural King also challenges the admissibility of the expert report and testimony of Plaintiffs' consumer product regulatory expert, Joseph Mohorovic.  Mr. Mohorovic was the former Commissioner of the United States Consumer Products Safety Commission ("CPSC") and has spent much of his career in the private sector advising companies on hazard analysis, risk assessment, and regulatory compliance.  ECF No. 114-1 at 4.  Plaintiffs "asked [Mr. Mohorovic] to provide an overview of the standard of care for importers of consumer products in the United States and to evaluate the record for Rural King's adherence to reasonable product safety management practices." *Id.*  According to his report, Mr. Mohorovic intends to testify to the following opinions:

> 1.      There is an abundance of publicly available materials suitable for an importer, like Rural King, to become knowledgeable of reasonable product safety management practices.
>
> 2.      In sourcing the subject pool from Bestway,[1] Rural King failed to comply with CPSC's best practices for purchasing professionals procuring consumer product for export to the U.S.
>
> 3.      Rural King's blind reliance on Bestway without responsible oversight is not consistent with reasonable product safety management of a retail direct import program.

---

[1]     Throughout his report, Mr. Mohorovic makes no clear distinction between the Bestway entities.

>    4.    As the importer of record, Rural King failed to act in a reasonable manner and demonstrated complete disregard for prudent product safety management.

*Id.* at 33.

Rural King challenges the relevance and admissibility of Mr. Mohorovic's expert report. Rural King argues that Mr. Mohorovic's opinions are not relevant because he relies on voluntary guidance of the CPSC to "attempt[] to create a heightened duty of care under Missouri law. . . ." ECF No. 114 at 5. Rural King further asserts that any voluntary guidance from the CPSC (a federal agency promulgating federal standards) is irrelevant to the issues in this personal injury case governed by Missouri law.

Plaintiffs argue that Mr. Mohorovic's testimony will be helpful to the jury because it will help establish whether Rural King violated its duty of care to the Plaintiffs. In response to the argument about non-binding CSPC guidance, Plaintiffs state that a "violation of non-binding voluntary guidance is relevant to whether a party acted negligently . . . ." ECF No. 135 at 4.

## Legal Standard

The admission of expert testimony in this Court is governed by Federal Rule of Evidence 702, which provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
>    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>    (b) the testimony is based on sufficient facts or data;

6

   (c) the testimony is the product of reliable principles and methods; and

   (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

The rule was amended in 2000 in response to *Daubert v. Merrell Dow Pharms., Inc.*, which charged trial judges with a "gatekeeping" role to screen expert testimony for relevance and reliability. 509 U.S. 579, 590–93 (1993); *see also Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012). "To satisfy the relevance requirement, the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (citation omitted). "To satisfy the reliability requirement, the party offering the expert testimony 'must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid.'" *Id.* (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006)); *see also In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) ("[A]n expert's testimony is admissible so long as the process or technique the expert used in formulating the opinion is reliable.") (citing *Daubert*, 509 U.S. at 589).

In the most recent amendment to Rule 702, made effective on December 1, 2023,[2] the advisory committee's note clarifies the Court's initial gatekeeping function and

---

[2] The advisory committee's note clarifies that this amendment does not impose any new, specific procedures, but instead "is simply intended to clarify that Rule 104(a)'s requirement applies to expert opinions under Rule 702." Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

7

emphasizes that proponents of expert testimony must establish admissibility of the proffered evidence by a preponderance of the evidence.[3] Fed. R. Evid. 702 advisory committee's note to 2023 amendment; *see also Word v. Mine Safety Appliances Co.*, No. 5:14-CV-00445-BRW, 2016 WL 3034045, at *2 (E.D. Ark. Mar. 25, 2016) (stating "[w]hen a party proffers an expert witness, deciding whether Rule 702 is satisfied is a preliminary issue governed by Federal Rule of Evidence 104(a)[, which] requires the proponent of evidence to establish its admissibility by a preponderance of the evidence."); *United States v. Martinez*, 3 F.3d 1191, 1196 (8th Cir. 1993) ("Before admitting scientific expert testimony, the court must conclude, pursuant to Federal Rule of Evidence 104(a) that the proposed testimony constitutes (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.") (citing *Daubert*, 509 U.S. at 592) (footnote omitted). "The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration." *Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

"The inquiry envisioned by Rule 702 is a flexible one," designed to exclude "vague theorizing based on general principles" or "unsupported speculation," but not requiring an opinion to be "a scientific absolute in order to be admissible." *Adams v.*

---

[3]   The advisory committee's note also states that "many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. These rulings are an incorrect application of Rules 702 and 104(a)." Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

8

*Toyota Motor Corp.*, 867 F.3d 903, 914–16 (8th Cir. 2017) (cleaned up); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141–42 (1999) ("[T]he test of reliability is 'flexible,' and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case.  Rather, the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability opinion."); *Unrein v. Timesavers, Inc.*, 394 F.3d 1008, 1011 (8th Cir. 2005) (stating that the "evidentiary inquiry is meant to be flexible and fact specific, and a court should use, adapt, or reject *Daubert* factors as the particular case demands.") (citation omitted).  Further, Rule 702(d) has been amended to emphasize that the reliability analysis applies to each opinion offered.  Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

## Discussion

The challenged opinions of Ms. Shibata and Mr. Mohorovic, which relate specifically to whether Rural King violated a duty of care to Plaintiffs, will be excluded because they are no longer relevant to the issues in this case.  Because the Court previously granted summary judgment in favor of Rural King as to Plaintiffs' negligence claim against it (ECF No. 146), Rural King's alleged duty and breach are no longer at issue.  All of Mr. Mohorovic's opinions and the three challenged opinions of Ms. Shibata relate specifically to whether Rural King had a duty to Plaintiffs that they breached; the opinions serve no other purpose.  Without any need to establish the elements of negligence against Rural King, the challenged opinions of these proposed experts will no

9

longer be helpful to the jury and will therefore be excluded. Moreover, the challenged opinions of Ms. Shibata could mislead the jury as to Rural King's duties.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Rural King Holdings, LLC's motion to strike portions of the expert report and testimony of Peggy Shibata (ECF No. 113) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Rural King Holdings, LLC's motion to exclude the expert report and testimony of Joseph Mohorovic (ECF No. 114) is **GRANTED**.

Dated this 31st day of October, 2024.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE