# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KYLE JUSTICE and ANNALEAH JUSTICE, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 4:22-cv-00050-AGF |
| BESTWAY (USA), INC., and RURAL KING HOLDINGS, LLP, ) ) ) ) | |
| Defendants, ) ) | |
| and ) ) | |
| BESTWAY (USA), INC., ) ) | |
| Third-Party Plaintiff, ) ) | |
| v. ) ) | |
| MARY FLAKE and PATRICK FLAKE, ) ) ) | |
| Third-Party Defendants, ) ) | |
| and ) ) | |
| RURAL KING HOLDINGS, LLP, ) ) | |
| Cross Claimant, ) ) | |
| v. ) ) | |
| MARY FLAKE and PATRICK FLAKE, ) ) ) | |
| Cross Defendants, ) ) | |
| and ) ) | |

| | |
|---|---|
| RURAL KING HOLDINGS, LLP, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BESTWAY (HONG KONG) | ) |
| INTERNATIONAL LIMITED and | ) |
| BESTWAY INFLATABLES & | ) |
| MATERIALS CORPORATION, | ) |
| | ) |
| Third-Party Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Rural King Holdings, LLP's Motion for Reconsideration. ECF No. 150. Plaintiffs have filed their response. ECF No. 153. Rural King filed its reply. ECF No. 156. On November 19, 2024, the Court heard oral argument on the Motion. ECF No. 162. On November 26, 2024, Plaintiffs and Rural King filed supplemental memoranda in support of their positions. ECF Nos. 164 and 165. This matter is now fully briefed a ripe for disposition. For the reasons explained below, the Court will grant Rural King's Motion.

## Background

Rural King asks this Court to reconsider its previous Order granting in part and denying in part Rural King's motion for summary judgment. ECF No. 146. Rural King specifically asks the Court to reconsider its denial of Rural King's request for dismissal under the Missouri innocent seller statute, Mo. Rev. Stat. § 537.762. The Court twice rejected this argument, first at the motion to dismiss stage and again as raised in Rural King's motion for summary judgment. As to Rural King's motion for summary

2

judgment, the Court found that it was not appropriate to dismiss Rural King as a Defendant because Rural King had not adequately shown that the product's manufacturer or another entity upstream from Rural King was properly before the Court as a defendant. *See* ECF No. 146 at 12–16.

At the time it ruled on Rural King's motion for summary judgment, the Court found that it was undisputed that Bestway (USA) did not sell the pool to Rural King or otherwise participate in the stream of commerce. *Id.* at 12 and 14. But in deciding the motion for summary judgment filed by Bestway (USA), the Court found that there is record evidence upon which a reasonable jury could find that Bestway (USA) placed the pool in the stream of commerce, namely its admissions that it marketed the pool in the US market, facilitated the sale of the pool to Rural King, and earned a commission off of that sale. ECF No. 157 at 21. So, while the Court previously found that Rural King had not shown that another participant in the stream of commerce was a defendant properly before the court, evidence indicates that Rural King can now make such a showing as to Bestway (USA).

Plaintiffs argue in their supplemental memorandum that *Malone v. Schapun, Inc.*, 965 S.W.2d 177 (Mo. Ct. App. 1997) stands for the contention that the innocent seller statute "does not permit dismissal of another defendant whose liability is also based solely on its status as a seller in the stream of commerce . . . ." ECF No. 164 at 1. Indeed, the *Malone* court states that "[u]nder section 537.762, dismissal is only proper where the defendant's liability is based solely on its status as a seller in the stream of commerce." 965 S.W.2d at 182. Similarly, the court stated that "[a]n innocent seller

3

under section 537.762 should not be dismissed unless the injured party is ensured that another defendant, who is not an innocent seller, is properly before the court and can satisfy the injured party's claim." *Id.*

Rural King asserts in its supplemental memorandum the *Malone* court's statements are "extra-statutory language" that are not controlling here. Even so, Rural King argues that, taking the *Malone* court's statement as controlling, Rural King's dismissal is still proper. Rural King contends that Bestway (USA) cannot now contend that it is an innocent seller in the stream of commerce because Bestway (USA) has failed to previously assert such a defense. ECF No. 165 at 2. According to Rural King, by not raising the innocent seller defense in its answer or filing a motion to dismiss based on the innocent seller statute, Bestway (USA) has waived the defense and cannot be dismissed as an innocent seller.[1] Rural King avers that Bestway (USA) is therefore a proper defendant before the court from which Plaintiffs can obtain total recovery and Rural King should be dismissed as an innocent seller per Mo. Rev. Stat. § 537.762.

## Discussion

The Court has carefully considered the arguments and case law cited by the parties—as well as a key change in circumstance since its ruling in Rural King's motion for summary judgment—and now finds that Rural King is entitled to dismissal under the Missouri innocent seller statute. In its motion for reconsideration, Rural King makes

---

[1]  Indeed, Bestway (USA) offered no such suggestion during oral argument when the Court explored reconsideration and what the impact could be if reconsideration were granted.

4

many of the same arguments it made in its motion for summary judgment.  However, since issuing its Order on the Rural King motion for summary judgment, the Court has developed its understanding of Defendant Bestway (USA) Inc.'s role in the sale of the pool.  Because evidence now indicates that another defendant in this case, Bestway (USA), was a seller in the stream of commerce, the Court believes that Rural King has fulfilled its obligations under the innocent seller statute and therefore is entitled to interlocutory dismissal.

Under Mo. Rev. Stat. § 537.762, "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a product liability claim [when] another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim."  At oral argument, the Court asked Plaintiffs and Rural King whether the statute permits dismissal of an innocent seller when another participant in the stream of commerce, but not the manufacturer, was a defendant in the case.  The Court permitted Plaintiffs and Rural King seven days to submit additional briefing on this issue.  After reviewing the briefing and the cases cited therein, the Court finds that Mo. Rev. Stat. § 537.762 permits the dismissal of an innocent seller when a defendant higher up in the stream of commerce, but not necessarily the manufacturer, is properly before the court as a defendant.

The Court finds instructive the ruling in *Davis v. Dunham's Athleisure Corp.*, 362 F. Supp. 3d 651 (E.D. Mo. 2019).  There, the defendant-retailer sought dismissal under

the innocent seller statute at the summary judgment stage.² Importantly, the court found that, because the product's manufacturer and designer were not party-defendants in the suit, "perhaps [defendant-importer], as the only accessible up-stream defendant, can satisfy a total recovery in plaintiff's favor should he win at trial." *Id.* at 659. However, the court reasoned that dismissal was not proper because the defendant-retailer had not presented sufficient evidence showing that plaintiff could have obtained total recovery from the defendant-importer. *Id.* ("[Defendant-retailer] is given innocent seller status, but the protection of that status is contingent on a full recovery from [defendant-importer] in the event [defendant-importer] is found liable. The motion for summary judgment . . . is therefore denied.").

The Court finds compelling Rural King's argument that Bestway (USA) is not an innocent seller because it has waived such a defense. This argument coupled with evidence that Bestway (USA) was an upstream seller in the stream of commerce has convinced the Court that Rural King, as an innocent seller, should be dismissed from this case unless and until Plaintiffs are unable to recover a total award from Bestway (USA).³

---

² The court had previously denied the defendant-retailer's motion to dismiss under the innocent seller statute because plaintiff had raised warranty claims, and not just strict liability claims, against the defendant-retailer.

³ Mo. Rev. Stat. § 537.762.6 states that "[a]n order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment and may be set aside for good cause shown at anytime prior to such disposition." The Court interprets this section as permitting interlocutory dismissal here of Rural King, which may be set aside if Plaintiffs are unable to obtain total recovery from Bestway (USA). Rural King specifically admits that, "[i]f a verdict is rendered in favor of Plaintiffs, and it is thereafter established that Plaintiffs are unable to obtain 'total

6

This outcome gives the necessary weight to the innocent seller statute's "substantive public policy choice of significant importance."  *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 445 (Mo. 2002) (en banc) ("To the extent that a plaintiff can otherwise obtain 'total recovery', **all** liability of a downstream seller, which would otherwise be jointly and severally liable to plaintiff for damages and subject to contribution from the other defendants, is shifted to upstream defendants, including the manufacturer.") (footnote omitted).

Additionally, unlike in *Davis*, Rural King has presented evidence that Bestway (USA) can satisfy the judgment Plaintiffs might reasonably obtain.  *Id.* at 445–46.  Here, Rural King has presented evidence that Bestway (USA) is a solvent, ongoing business and that it has insurance coverage.  *See* ECF Nos. 101-3 (insurance policies issued by Cincinnati Insurance Company to Bestway (USA)[4] for total aggregate coverage of $7 million) and 101-5 (list of all products Rural King alone purchased from Bestway in 2019, totaling $4,611,403).  Although Plaintiff has argued that the reference to sales from "Bestway" is ambiguous, no party conducted any further discovery on this matter or presented any evidence to the contrary.  This evidence is sufficient to meet Rural King's "minimal burden" to show that Plaintiffs can obtain total recovery from Bestway (USA).  *Wallace v. R.J. Reynolds Tobacco Co.*, No. 09-01011-CV-W-REL, 2010 WL 11579047,

---

recovery' from [Bestway (USA)], a dismissal in favor of Rural King could be set aside and Plaintiffs could assert its judgment against Rural King."  ECF No. 150 at 10–11.

[4]     Third-party Defendants Bestway (Hong Kong) International Limited and Bestway Inflatables & Materials Corporation are also named insureds under these policies.

7

at *5 (W.D. Mo. Aug. 12, 2010); *see also Letz v. Turbomeca Engine Corp.*, No. 93-1058-CV-W-6, 1993 WL 469182, at *1 (W.D. Mo. Nov. 15, 1993) (holding that dismissal under the innocent seller statute does not require "elaborate financial inquiries but simply bringing parties before the court against whom judgment could be entered for the full amount of the loss."). Additionally, Rural King has acknowledged that its dismissal would be interlocutory, and that it could be held liable in the event of any deficiency. What is more, this case presents extremely unique facts. The designer and manufacturer have been in this case as parties for quite some time, and Plaintiffs could have asserted claims against them but have repeatedly chosen not to do so.

Further, as Rural King has argued from the outset, under the unique facts of this case, reconsideration gives effect to the purpose of the statute. Here, Plaintiffs raised claims only against Rural King and Bestway (USA). After discovery indicated that neither of these parties was the pool's designer or manufacturer, Plaintiff made no attempt to add the designer or manufacturer as defendants. Instead, Rural King filed a third-party complaint raising claims against the Third-party Defendants Bestway (Hong Kong) and Bestway I&M for negligence and strict liability related to their roles in designing and manufacturing the pool. Plaintiffs could assert claims against these Third-party Defendants but have simply elected not to. Nor have Plaintiffs requested any alternative relief, either in response to Rural King's initial summary judgment motion or on reconsideration, were the Court to grant dismissal of Rural King. Permitting Plaintiffs to maintain their strict liability claims as to Rural King—who is now defending against claims only under theories of strict liability—would allow Plaintiffs to undermine the

8

statute's intended protections for otherwise innocent retailers. *See Gramex*, 89 S.W.3d at 446 ("It is clear that [Missouri's] legislature sought to protect 'innocent' wholesalers and retailers from the perils of products liability claims . . . by section 537.762."). Reconsideration is appropriate here to give effect to the innocent seller statute's intended purpose.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Rural King Holdings, LLP's Motion for Reconsideration (ECF No. 150) is **GRANTED**.

A separate order of dismissal of Rural King Holdings, LLP will accompany this Order.

Dated this 30th day of December, 2024.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

9